## ADAMS *v.* SPANGLER.[1]

### (*Circuit Court, D. Colorado.* June, 1883.)

1. NEW TRIAL.

    Motion for a new trial in a case tried before the district judge, will be heard by the circuit judge only on the request of the former, and not as a matter of right to the unsuccessful party.

2. OFFICER—RESPONSIBILITY OF, IN EXECUTING PROCESS.

    The rule is that the sheriff to whom a valid process is issued is bound to exercise ordinary skill and diligence in its execution, and in case of his neglect in this regard is liable for any damages which the party interested may have sustained in consequence of such neglect.

3. SAME—ORDINARY DILIGENCE.

    In case of an attachment placed in the hands of a sheriff to levy, it is not the exercise of ordinary diligence for the sheriff to take the representation of the defendant in attachment as to the value of goods seized thereunder. And in such case, when it appears that there were in the possession of defendant goods amply sufficient to satisfy the sum named in the attachment, and the sheriff, relying upon the representation of defendant, fails to levy upon a sufficient quantity, he will be held responsible for such failure.

4. PEREMPTORY INSTRUCTIONS.

    The rule in federal courts is that if the court be of opinion that, upon the evidence as it is presented, a verdict one way or another would have to be set aside on motion for new trial, on the ground that it is not supported by the evidence, the court is not bound to submit the question to the jury, but may charge the jury in accordance with the view the court takes of the proof. The court is not bound to go through the form of submitting a case to the jury, when satisfied in advance that in case the jury find one way the verdict will be set aside.

5. SAME—MEASURE OF DAMAGES.

    In such case, when it appears that the defendant in attachment is insolvent, the measure of damages will be the difference between the amount named in the attachment, with costs, and the amount realized from sale of the goods seized—the actual damage sustained.

On Motion for New Trial.

*W. S. Decker,* for plaintiff.

*Wells, Smith & Macon,* for defendant.

McCRARY, J., (*orally.*) This case is before the court upon a motion for a new trial. The suit was brought by plaintiff against the sheriff to recover for the alleged neglect of the sheriff in making a levy by virtue of a writ of attachment sued out by the plaintiff. The allegation is that the sheriff failed to levy upon sufficient property to pay the debt. The case was tried before the district judge and a jury, and resulted in a verdict for the plaintiff. At the request of the district judge, the motion for new trial has been heard by the full bench. I mention this lest counsel might fall into the misapprehension that motions of this character are heard by the circuit judge as a matter of course. It is only when the district judge requests it that they are so heard; if it were left to counsel, every case tried before the district judge would have to be reheard.

The question in this case was, whether the sheriff was negligent.

[1] From the Colorado Law Reporter.

It appears that when he received this writ the defendant in the attachment was in possession of a stock of goods amply sufficient to pay the entire demand of the plaintiff. When the sheriff or his deputy went to make the levy, being himself ignorant of the value of such goods as those in the possession of the defendant, he made some effort to inform himself with respect to their value; he sent for a person who was supposed to be an expert upon the subject, and was not able to find him. Upon his failure to obtain the advice of this particular individual, he contented himself with such information as he was able to obtain from the defendants in the attachment themselves, and relied upon their representations, and upon the invoices of the goods which they submitted to him. The goods taken under the writ sold for something over $200, I think, whereas the debt amounted to some $900 or $1,000; and in the store, it is admitted, were goods of sufficient value to have paid the entire debt.

As to the law which governs a case of this sort, there is not room for much controversy; indeed, there is no real difference between the counsel for plaintiff and the defendant. The rule is laid down by Shearman & Redfield on Negligence that a sheriff to whom a valid process is issued is bound to exercise ordinary skill and diligence in its execution, and for any neglect to exercise such skill and diligence, is liable for any damages which the creditor named in the process may have in consequence sustained. In other words, what is required of the officer is the exercise of ordinary care and diligence—such care and diligence as a man of common prudence would exercise with regard to his own private affairs. He is not responsible for the use of more than ordinary diligence. Admitting this to be the rule, the difference between the counsel arises here upon the question whether, upon the evidence in this case, the court was authorized to say that the sheriff was guilty of negligence, or was bound to submit the question to the jury. In view of the facts which I have stated, I think it will appear clearly enough that the sheriff did not exercise ordinary care and prudence, and that the court was authorized so to say to the jury. The rule which prevails in the federal courts upon that subject is this: If the court is of the opinion that, upon the evidence as it is presented, a verdict one way or the other by the jury—a verdict, for example, for the defendant in this case—would have to be set aside upon a motion for new trial, upon the ground that the evidence does not support it, in such a case the court is not bound to submit the question to the jury, but may charge the jury in accordance with the view the court takes of the proof. We are not required to go through the form of submitting a case to the jury, if we are able to say in advance that, in case the jury finds one way, the court will set aside the verdict.

Now it is laid down, in the same authority that I have quoted, that, where the debtor has sufficient property to satisfy the writ, it is negligence in the sheriff not to levy upon sufficient to satisfy the writ.

In estimating the property he should use a sound discretion, and is not liable if it turns out to be insufficient. But is it the exercise of a sound discretion, is it the exercise of ordinary prudence and care, for the sheriff to submit the question to the debtor, the defendant in the attachment suit, and be governed by his opinion, and such information as he gets from him with respect to the value of the property? I think most clearly not; and as that is all, according to the testimony in this case, that the sheriff did in his endeavors to ascertain the value of the property, we are bound to say that the case falls clearly within the doctrine that I have announced, and that the evidence shows that ordinary care and prudence were not exercised; and if the jury upon such evidence had found for the sheriff, the court would have been obliged to set the verdict aside.

There is one other question in the case, and that is as to the measure of damages. The court instructed the jury that, upon the issues in this case, if they found for the plaintiff, they were bound to find for the difference between the amount of his judgment and the amount realized upon the property which was seized under the attachment; it being a conceded fact that there was sufficient property in the store at the time the levy was made, if it had been taken upon the writ, to pay the entire claim. There is in the books some conflict upon the question as to the measure of damages in such a case. In some states it is held that the plaintiff is *prima facie* entitled to recover the difference between the amount realized on the property levied upon and the amount of the judgment, with interest and costs, without showing that the defendant in the attachment and in the judgment was insolvent, and that nothing can be realized by a general execution. In other states it is held that if it appears that the money could be made by another writ, that the measure of damages is the actual damage which results from the delay, costs, etc., which would be involved in the pursuit of the remedy. It is not necessary in this case to determine which of these rules is the correct one, because we are very clearly of the opinion that, under the admissions of the answer in this case, the charge of the court was correct. The answer admits that at the time of the delivery of the writ of *fieri facias*, in the complaint mentioned, to this defendant, the said Dufur, Coffin & Co., (who were the debtors,) had at said county of Arapahoe no lands, tenements, goods, chattels, or effects liable to execution, save the goods, wares, and merchandise so as aforesaid levied upon and taken by virtue of said writ of attachment as in the complaint mentioned.

It is suggested that this is not an admission that these defendants were insolvent, but we think it is very clearly. The terms "lands, tenements, goods, chattels, and effects," cover and embrace all kinds and every character of property, and if the defendant has neither he is certainly insolvent. It is true that this allegation relates to the time when the execution was delivered to the sheriff, which, of course,

was a period somewhat later than the day of the levy of the attachment; but the court will presume that if they were entirely insolvent at the time of the delivery of the execution, they were so at the time of the issue of the attachment. At all events, the allegation is sufficient to shift the burden, and to make it the duty of the defendant to show that the defendants in the attachment were solvent, and that the money could have been realized.

It follows that the motion for a new trial must be overruled.