GUITERMAN BROTHERS *vs.* PAUL SHARVEY, Sheriff.

May 12, 1891.

**Sheriff—Diligence Required in Making Levy on Execution.**—While the law requires of public officers only reasonable diligence in the service of process, yet what constitutes reasonable diligence depends upon the particular facts in connection with the duty, as, for example, the special instructions given, or the apparent necessity for quick action.

**Same—Defendant held Negligent.**—Evidence in this case *held* to justify a finding that a delay, from 4 o'clock in the afternoon until after 10 o'clock the next day, to make a levy under an execution, was unreasonable and negligent.

Appeal by defendant from an order of the municipal court of Duluth, refusing a new trial after a trial by the court and judgment of $83.40 ordered in favor of plaintiffs, who are partners suing by their firm name, their individual names nowhere appearing in the return.

*McGindley & Cotton*, for appellant.

*Mahon & Howard*, for respondents.

MITCHELL, J.    Action for damages caused by defendant's breach of official duty in negligently delaying to execute a writ of execution. The assignments of error, although several in number, present the single question whether the evidence justified the findings of fact. The findings are, of course, conclusive in favor of plaintiffs as to all facts upon which there was a fair conflict of evidence.    On December 16th, about 4 o'clock in the afternoon, in Duluth, the plaintiffs, by their attorney, delivered to defendant, sheriff of St. Louis county, an execution against the property of one Crawford.·   At this time Crawford owned a small stock of goods (sufficient to satisfy the execution) situated in a store in West Duluth.    There was regular railway service, as well as a public highway, between Duluth and West Duluth, —which are only 4½ or 5 miles apart,—by either of which defendant could have reached West Duluth and levied on these goods the same afternoon.    When plaintiff's attorney delivered the execution to defendant, he informed him where the goods were upon which he de-

sired a levy to be made, and also told him that it was very important that the levy be made that afternoon; that he did not want it postponed until next day, but wanted it made at once, as he was satisfied that Crawford would make an assignment very soon, in fact that he was almost certain that the papers for an assignment were being then prepared; also that if he (the sheriff) was too busy to attend to it, to let him know so that he might get another officer to serve the execution. The defendant took the writ, saying he would attend to it if he had to go himself that night. The defendant, being engaged in other official duties, gave the execution to one of his deputies, who started to go out by railway that afternoon; but finding that the train which he intended to take had, by reason of a recent change in the time-table, already gone, he deferred going until the next forenoon, when he took the 10 o'clock train, and went out, but, on arriving at West Duluth, found Crawford's store closed, and made no levy, and subsequently returned the execution unsatisfied. As a matter of fact, Crawford made and filed an assignment of all his property for the benefit of creditors on the forenoon of the 17th, between 11 and 12 o'clock. The only excuse which defendant offers for the delay is that he himself was busy with other official duties; that his deputy had no previous knowledge of the change of railway time; and that the 10 o'clock train was the earliest train which he could have taken the next morning. But it does appear that there was a train at 7:45 of the evening of the 16th which he might have taken, and there is nothing to show but that it was entirely feasible for him to have driven over by private conveyance, either that afternoon and evening or early the next morning. The law is reasonable in this as in all other things. While it holds public officers to a strict performance of their duties and sanctions no negligence, yet it requires no impossibilities and imposes no unreasonable exactions. Reasonable diligence is all that it requires. But what is reasonable diligence depends upon the particular facts in connection with the duty. If this writ had been delivered to defendant without any special instructions, and without informing him of the facts constituting a necessity for its immediate service, it could hardly be claimed that a delay from 4 o'clock of one day to the forenoon of the next would constitute negligence. But the

question of unreasonable delay is a mixed question of law and fact, each case depending on its own circumstances; for the speed with which a sheriff should proceed may depend much upon the special instructions which he receives or upon the apparent necessity for quick action. In view of the special instructions given to the sheriff in this case to proceed at once, and the facts communicated to him showing a special urgency for immediate service of the execution, we think the trial court was fully justified in finding that the delay was unreasonable and negligent. We also think that the evidence justified the court in finding that, up to the time he executed the assignment, Crawford had sufficient property to satisfy the execution. This, together with the fact that the defendant subsequently returned the writ wholly unsatisfied, made out a *prima facie* case entitling plaintiffs to recover the full. amount of their judgment. If any part of their claim was, or ought to have been, collected out of the proceeds of the assigned property, it was incumbent on the defendant to show it in mitigation of damages.

Order affirmed.