WILLIAM DEERING & COMPANY v. THOMAS F. BURKE and Another.

October 31, 1898.

Nos. 11,278—(43).

Sheriff—Failure to Pay Over Money—G. S. 1894, §§ 788, 789—Hull v. Chapel Followed—Disputed Liability.

In a summary proceeding against a sheriff, under the provisions of G. S. 1894, §§ 788, 789, the rule laid down in Hull v. Chapel, 71 Minn. 408, is applied; and it is *held* that the fact of the sheriff's duty or liability in the premises was fairly and reasonably open to dispute on the showing made, and therefore that he was entitled to have the question of his official misconduct or neglect tried in a civil action.

Appeal by William Deering & Co. from an order of the district court for Hennepin county, Simpson, J., denying its motion for an order requiring A. E. Randall, sheriff of Big Stone county, to pay to it, or its attorney, the amount of the judgment entered in its favor against defendant Thomas F. Burke ($108.42), with interest and costs thereon, and the costs of the proceeding. Affirmed.

The counter affidavit of the sheriff mentioned in the opinion set up that, at the time the first execution was delivered to him, both the sheriff and all his deputies were necessarily in attendance upon the sessions of the district court at Ortonville, and the plaintiff's agent was informed that neither the sheriff nor any deputy could leave Ortonville to make the levy. That a special deputy to make the levy would be appointed, if such appointment was necessary, or the levy would be made immediately after the adjournment of the court. That the agent said he preferred to have the sheriff wait until the term of court was over. That within four days after the execution was delivered to the sheriff, he went to the premises of the defendant Burke, 19 miles from Ortonville, and found the grain in question had been removed from the premises.

*C. A. Fosnes*, for appellant.

*F. L. Cliff*, for respondent.

COLLINS, J.

In Hull v. Chapel, 71 Minn. 408, 74 N. W. 156, it was held that G. S. 1894, § 788, which provides for proceeding against a sheriff in a summary manner by order to show cause for failure to pay over money which he has received by virtue of his office, as for a contempt, being penal, was not designed to embrace cases where the fact of the sheriff's duty or liability is fairly and reasonably open to dispute. It only applies when it is the sheriff's plain and undisputed duty to pay, and his neglect wilful. If there is a well-grounded doubt of the sheriff's duty, or his liability, or whether the money so received by him has been lost without his fault or negligence, he is entitled to have such questions tried in a civil action.

What was there held, as above stated, disposes of the present appeal, which is from an order denying a motion made under the provisions of the above-mentioned section, and the one immediately following (section 789), for an order upon the sheriff of Big Stone county to show cause why he should not forthwith pay the amount of a judgment theretofore entered and docketed in favor of the moving party and against one Burke, and why a fine should not be imposed upon him in addition, in such an amount, not exceeding $200, as the court might determine to be just and proper. The grounds for said motion were that said sheriff had failed, neglected and refused to levy upon property belonging to said judgment debtor, Burke, although then and there having in his hands for service an execution duly issued on said judgment; that he had failed, neglected and refused to return said execution within the statutory period; that he had returned on said execution that no property belonging to said Burke could be found within his said county; that he had failed and neglected to sell certain personal property which he had thereafter levied on as belonging to the debtor under and by virtue of an alias execution issued upon said judgment; and, generally, that he had been guilty of misconduct and negligence in respect to said execution, whereby the creditor had been unable to collect any part of his judgment.

74 M.—6

The motion was made upon affidavits, and at the hearing the sheriff submitted counter affidavits, in which he attempted to explain, excuse or justify what appeared to be official misconduct on his part in regard to a neglect or refusal to levy on property pointed out to him as belonging to the debtor when the original execution was handed to him with instructions to make the levy, and also in respect to his failure and neglect to sell certain other property belonging to the debtor after he had actually seized the same by virtue of an alias execution and had posted notices of sale.

While the affidavits presented upon the hearing tend to show that the sheriff failed and neglected to perform his whole duty, we cannot say that upon the showing made there was no well-grounded doubt of his official misconduct or neglect of duty, or of his liability under the statute by reason of the same. From the affidavits submitted in his behalf, it appeared that his duty or liability in the premises was fairly and reasonably open to dispute. He was therefore entitled to have the question of his official misconduct or neglect tried in a civil action.

Order affirmed.