## MARY V. ROCHE v. M. B. DUNN.[1]

April 27, 1906.

Nos. 14,663—(53).

**Sheriff—Failure to Pay over Money.**

In summary proceedings against the respondent under the provisions of R. L. 1905, § 551, *held*, that the facts found by the trial court do not justify the conclusion that he wilfully failed to pay over money in his hands as sheriff on the demand of appellant without any reasonable excuse. Hull v. Chapel, 71 Minn. 408, followed.

Appeal by plaintiff from an order of the district court for Jackson county, Quinn, J., discharging an order to show cause previously issued in summary proceedings under section 551, R. L. 1905. Affirmed.

*Geo. W. Wilson & Son,* for appellant.

*Knox & Faber* and *Stelle S. Smith,* for respondent.

START, C. J.

Appeal from an order of the district court of the county of Jackson, discharging an order made pursuant to R. L. 1905, § 551, requiring the respondent, as sheriff, to show cause why he should not pay the sum of $24,862, with twenty per cent. thereon as damages, to the appellant.

The facts found by the trial court, upon which the order appealed from was based, were to the effect following: Owen H. Roche made his last will and testament whereby, subject to the payment of his debts, he gave, devised, and bequeathed to his wife, Mary V. Roche, the appellant herein, all of his property, and appointed her his sole executrix, with power to sell all or any of the property in such manner as she deemed advisable. Thereafter, and on June 28, 1902, he died in the county of Cook, Illinois, and such proceedings were thereafter had that she was appointed sole executrix under the will. She duly qualified and entered upon the discharge of her duties as such executrix. Of the property belonging to the estate of the testator was a real-estate mortgage for the sum of $23,333.34, executed by

[1] Reported in 106 N. W. 965.

Nels Johnson and wife to the testator upon land in the county of Jackson, Minnesota. Default having been made in the conditions of the mortgage, the appellant, as executrix, caused it to be foreclosed by advertisement, and the mortgaged premises were sold at foreclosure sale on May 27, 1904, to Mary V. Roche, the appellant. On May 18, 1905, the mortgagor redeemed the mortgaged premises from the foreclosure sale by paying to the respondent, as the sheriff of the county of Jackson, for that purpose, the sum of $26,077.50, which the sheriff received, and executed to the mortgagor the usual certificate of redemption, which was duly filed. On May 18, 1905, such proceedings were had in the probate court of the county of Jackson, Minnesota, that H. G. Anderson, of Jackson, was appointed special administrator of the estate and effects of the deceased, Owen H. Roche, and on that day he duly qualified as such. Afterwards, and on the same day, H. G. Anderson, as such special administrator, demanded of the respondent the money so received by him as sheriff from the mortgagor on the redemption of the mortgaged premises, and in compliance with such demand the respondent paid the money to H. G. Anderson as such special administrator. Thereafter, and before the commencement of these proceedings, the appellant duly demanded from the respondent, as such sheriff, the redemption money so received by him; but he has ever since refused to pay the money to her. These findings of fact are not challenged by either party.

The statute under which these proceedings were had has been construed by this court. The statute being penal, and the proceedings under it summary, this court holds that the statute was not designed to embrace cases where the sheriff's duty or liability is fairly open to dispute; that it only applies to cases where his duty to pay over the money is plain and undisputed, and his neglect to pay is wilful; and, further, that if there be a well-grounded doubt as to his duty in the premises he is entitled to have such question determined in an ordinary civil action. Where there are rival claimants of the money in the hands of the sheriff, and there is any fair doubt arising either on the law or the facts of the case, he is not bound to decide the question at his peril; but he is entitled to have the question determined by due course of procedure in a civil action to which all the claimants may be made parties, if he so desires. Hull v. Chapel, 71

Minn. 408, 74 N. W. 156; William Deering Co. v. Burke, 74 Minn. 80, 76 N. W. 1020. On the other hand, where the sheriff's duty to pay over the money is clear, and it plainly appears that his failure to do so is wilful—that is, without any reasonable excuse—the statute ought to be rigidly enforced, and payment of the money, with twenty per cent. damages, summarily enforced by committing him to jail as for contempt; for the statute was intended to afford a speedy means of enforcing the performance of a plain and undisputed duty by the sheriff. Coykendall v. Way, 29 Minn. 162, 12 N. W. 452, 453.

The question for our decision, then, is this: Do the facts found by the trial court justify the conclusion, necessarily involved in its order appealed from, that the failure of the sheriff to pay over the money to the appellant was not wilful and manifestly without any reasonable excuse? The fact that the respondent paid the money to the special administrator on his demand would not be any defense to a civil action to recover the money, if it appeared that such administrator was not legally entitled to the money. But, the special administrator having claimed the money before the appellant claimed it, can it be said that the respondent wilfully and without any reasonable excuse refused to pay the money to the appellant. The question whether the probate court had jurisdiction to appoint the special administrator, and whether such administrator was entitled to possession of the money as against the appellant, either as executrix or in her own right, is an important and doubtful one. Counsel for the respective parties have submitted able briefs upon the question; but it is neither necessary nor proper for us to decide it at this time. It is sufficient for the purposes of this appeal that we find the question a serious and doubtful one. Clearly the respondent cannot be held to have acted wilfully in the premises, and a penalty exceeding $5,000 ought not to be imposed upon him because he did not decide the question in favor of the appellant and pay the money to her upon her demand.

We hold that the facts found by the trial court justify its conclusion that the respondent did not wilfully fail to pay over the money on the demand of the appellant without any reasonable excuse, within the meaning of the statute. Therefore its order was right.

Order affirmed.