J. H. ALLEN & COMPANY v. TH. CHRISTENSEN and Another.[1]

July 15, 1910.

Nos. 16,622, 16,623—(145, 146).

**Relief properly denied.**

In proceedings under sections 551 and 552, R. L. 1905, to compel a sheriff to pay certain judgments because of his failure to levy executions issued

[1] Reported in 127 N. W. 185.

thereunder, it is *held* that, on the facts stated in the opinion, the relief sought against the sheriff was properly denied by the court below. The misconduct of the sheriff is not so clearly shown as to justify the relief.

Summary proceedings in the district court for Ramsey county against Charles H. Curtis, sheriff of Lincoln county, to recover $355.10, damages to plaintiff, and for a fine of not exceeding $200 in favor of Ramsey county, on account of the failure of the sheriff to levy on the property of defendant Christensen. Upon an order to show cause, the sheriff filed affidavits to the effect set forth in the opinion. From an order, Bunn, J., denying plaintiff's motion and the order to show cause, it appealed. Affirmed.

*Gilbert & Greenman,* for appellant.

*Louis P. Johnson,* for respondent.

BROWN, J.

Summary proceedings, by order to show cause, under the provisions of sections 551 and 552, R. L. 1905, to compel respondent, sheriff of Lincoln county, to pay certain judgments held by the plaintiff against defendant Christensen, because of the sheriff's failure and refusal to levy certain executions against the property of the debtor. The proceeding was dismissed in the court below, and plaintiff appealed.

The facts as shown by the affidavits of the respective parties are substantially as follows: Two certain judgments were duly rendered and entered in the district court of Ramsey county in favor of plaintiff and against Christensen, a merchant doing business in Lincoln county. The judgments were so entered April 23 and 27, 1909; the first for $217.70, and the second for $135.30. Transcripts thereof were filed in the office of the clerk of the district court of Lincoln county, and executions in due form issued and delivered to the sheriff on or about April 28, 1909, with directions from plaintiff's attorneys to make an immediate levy thereunder, but he neglected to do so. The execution debtor then had property unincumbered, and not exempt, of a value exceeding both executions. On June 19, 1909, during the life of the executions, the debtor filed a voluntary petition in bankruptcy, and was duly ad-

judged a bankrupt, and all of his nonexempt property transferred to his trustee. Thereafter, on June 25, 1909, the sheriff returned the executions wholly unsatisfied, and these proceedings were instituted, under the statute mentioned, to compel him to pay the judgments in correction of the injury done plaintiff by his failure to act.

In opposition to the relief demanded, the sheriff presented affidavits in explanation of his conduct, from which the following facts appear: He received the executions, and admits that he was directed and urged to make a levy thereunder, but claims, and the affidavits sustain him, that at the time he received the executions the debtor was in fact insolvent and unable to meet his financial obligations; that the sheriff presented the executions to the debtor, stating to him that unless they were paid he had directions to levy upon sufficient property to satisfy the same. The debtor informed him that if a levy was made he would immediately file a petition in bankruptcy, and thus defeat the same. The sheriff was informed by an attorney of other creditors that, if a levy was made under these executions, a petition forcing the debtor into bankruptcy would be filed, to the end that all might receive a proper share of their claims out of his property. Upon being confronted with this situation, the sheriff deemed it useless to make a levy, and that, if he did so, in view of the fact that it would precipitate bankruptcy proceedings, it would incur an unnecessary expense upon plaintiff. His affidavits also show that plaintiff filed the judgments with the trustee in bankruptcy as claims against the insolvent estate, but what part thereof, if any, plaintiff will realize, does not appear.

Upon the facts thus presented the court below discharged the order to show cause, concluding that it was doubtful whether plaintiff was in any way damaged by the official neglect, and that it was fairly open to dispute whether the sheriff was guilty of wilful misconduct, within the meaning of the statute, and, therefore, that he had the right to have the question of his liability tried in a civil action. In this conclusion we concur. The statute has been construed in several cases as penal in its nature, and to be applied in a summary proceeding only where the conduct of the sheriff is shown

to have been wilful or corrupt, resulting in injury or damage to the execution creditor. Breuer v. Elder, 33 Minn. 147, 22 N. W. 622; Wm. Deering & Co. v. Burke, 74 Minn. 80, 76 N. W. 1020; Hull v. Chapel, 71 Minn. 408, 74 N. W. 156.

While it is clear that the sheriff was in duty bound to levy the executions pursuant to his directions, and that he had no right to determine the expediency, or propriety, of following the instructions given, but should have obeyed without delay the command of the writ, yet on the facts presented it cannot well be said that his neglect in the premises was either so wilful or corrupt, within the meaning of the statute, as to justify a summary judgment against him. His excuse for not complying with the directions of plaintiff seems reasonable, and whether a justification for his conduct is a question of fact which ought to be determined in the usual action. Roche v. Dunn, 97 Minn. 529, 106 N. W. 965.

It is quite evident that, if a levy had been made, bankruptcy proceedings would have followed and the levy thereby discharged under the bankruptcy act. It is not reasonable to suppose that other creditors, who were also pressing their demands, would have stood quietly by and permitted a levy under plaintiff's executions to proceed to sale without applying to a bankruptcy court for the appointment of a trustee. And, moreover, the only relief which plaintiff is entitled to under the statute, the penalty therein authorized to be imposed being discretionary with the court, is the "correction of the injury done." This necessarily means the payment of whatever damage plaintiff suffered by reason of the sheriff's misconduct, and as it appears practically certain that bankruptcy proceedings would have been commenced, had a levy been made, resulting in its discharge, no damage was suffered by plaintiff by failure of the sheriff to act.

We do not wish to be understood as holding as a matter of law that the sheriff is free from liability. Our decision is placed upon the ground that the question should be determined in a civil action brought for that purpose.

The case of Guiterman Bros. v. Sharvey, 46 Minn. 183, 48 N. W. 780, 24 Am. St. 218, is not in point. That was an ordinary action for damages, and it appears from the record therein that the

111 M.—27.

complaint in the action had been on file more than twenty days before the entry of the judgment, in consequence of which a levy under the execution would have taken priority over the rights of creditors under the insolvency law of this state then in force, if made by the sheriff before the assignment. Failure of the sheriff, therefore, in that instance, to make a levy, resulted in a loss to the execution creditor to the full amount of his judgment. In the case at bar bankruptcy proceedings would have discharged a levy, had it been made.

Order affirmed.