dence, the record presents no error, and the judgment appealed from must therefore be affirmed.

It is so ordered.

---

## E. J. BRACH & SONS v. JAMES FITZGERALD.[1]

May 11, 1923.

No. 23,364.

**When sheriff is not liable for money under section 929 to execution creditor.**
Under the showing made the defendant sheriff was not liable in a summary proceeding under G. S. 1913, § 929, to pay to the plaintiff, an execution creditor, money which he had collected on execution, he having been garnished in an action against the plaintiff, and judgment having been rendered against him as garnishee.

Plaintiff obtained from the district court for Wilkin county an order directing defendant to show cause why an order should not be made requiring him to pay $67.79 to plaintiff, with costs and 20 per cent damages. Defendant sheriff made his return. The matter was heard by Flaherty, J., who discharged the order to show cause. From the order discharging the order to show cause, plaintiff appealed. Affirmed.

*M. E. Culhane* and *F. C. Austin*, for appellant.
*Lewis E. Jones*, for respondent.

DIBELL, J.

This is a summary proceeding under G. S. 1913, § 929, to compel James Fitzgerald, the sheriff of Wilkin county, to pay to the plaintiff money collected upon an execution. The court denied the plaintiff relief and it appeals.

On August 22, 1922, the sheriff collected $67.79 on an execution in favor of the plaintiff. On the same day he was garnished in an action against the plaintiff. He notified the plaintiff's attorneys. The plaintiff did not appear in the garnishment proceedings. Later

[1]Reported in 193 N. W. 585.

judgment was entered against the plaintiff in this action, and against the sheriff as garnishee for $24.03. No appeal was taken and on October 25, 1922, he paid the judgment and remitted the $67.79, less the judgment, to the plaintiff's attorneys.

The rule is that if there is a fair doubt as to the liability of the sheriff the summary proceeding under the statute is not the proper one and the party aggrieved must seek relief in an ordinary civil action. Hull v. Chapel, 71 Minn. 408, 74 N. W. 156; Deering & Co. v. Burke, 74 Minn. 80, 76 N. W. 1020; J. H. Allen & Co. v. Christensen, 111 Minn. 414, 127 N. W. 185. The controversy is before us on affidavits. From them, and the papers referred to in them, the trial court was not required to find a breach of duty by the sheriff. When garnished he immediately notified the attorneys of the plaintiff, a nonresident. Judgment was entered, and after the time for appeal expired, and when he was subject to execution, he paid. We do not consider whether he was subject to garnishment. So far as appears the proceedings were regular. The plaintiff was free to make such defense as it had. The sheriff was not derelict in not doing more than he did or in not acting differently.

Order affirmed.