## H. F. REAUME v. JOS. A. WINKELMAN AND ANOTHER.[1]

June 1, 1934.

No. 29,892.

[1]Reported in 255 N. W. 81.

2

*Theodore F. Neils,* for appellant.

*Atwood & Quinlivan,* for respondents.

HOLT, Justice.

Plaintiff appeals from the order denying his motion in the alternative for judgment notwithstanding the verdict or a new trial.

Plaintiff on March 14, 1932, obtained a judgment against Frank J. Oeffling for $541.77, in the district court of Benton county, upon which an execution was issued and, on April 9, 1932, delivered to defendant, the sheriff of the county, with direction to levy on the property of Oeffling. On April 18, 1932, defendant levied on part of Oeffling's personal property then in the garage at Sauk Rapids wherein he was conducting an automobile repair business. When he made this levy he knew that in an action against Oeffling brought by the commissioner of banks as liquidator of the Sauk Rapids State Bank, hereinafter referred to as the bank case, a writ of attachment had been issued under which he would be required to levy upon Oeffling's property. On the 19th of April he received the writ of attachment and levied the same upon all of Oeffling's personal property not seized under plaintiff's execution, and subsequently, when judgment was rendered in the bank case for $758.65 and execution issued, he levied the same on the same property seized by the attachment. Thereafter, with the consent of the attorneys for both judgment creditors, the sale under the first levy was set for one p. m. on May 13, 1932, and the sale under the second levy for two p. m. on the same day. The first sale brought $341.35, after deducting expenses. The second brought enough to satisfy the judgment of $758.65 and $113.52, the expenses of sale. While defendant still had the proceeds of both sales, the attorney for plaintiff demanded that he retain that received on the last sale until it could be deter-

mined whether enough thereof should not be applied to satisfy plaintiff's judgment. Defendant refused. This action followed to recover damages for the alleged misfeasance of defendant in not levying on sufficient available personal property of Oeffling to pay plaintiff's judgment in full. The commissioner of banks was made a party defendant, but he demurred. The demurrer was sustained. No appeal was taken, so the sheriff is now the only interested defendant. The issues raised by the answer of the defendant sheriff were tried to a jury. Plaintiff moved for a directed verdict at the close of the testimony. The motion was denied. The verdict was for defendant.

Plaintiff's cause of action is based on the alleged failure of defendant properly to discharge his duties in that, under plaintiff's execution, he levied upon an inadequate amount of property of Oeffling when to his knowledge there was more than enough property available. *Prima facie* the levy was upon an inadequate amount, for the net proceeds of the sale did not satisfy the execution. That there was adequate property upon which to levy is conclusively shown by the fact that defendant levied the attachment issued against Oeffling in the bank case upon such other property, from which was realized enough to satisfy the judgment rendered therein for $758.65. Plaintiff's execution was first in defendant's hands and ought to have been first satisfied out of Oeffling's property. Before levy was made under the execution defendant knew that an attachment in the bank case against Oeffling's property would be placed in his hands. Had the writ of attachment been received by the sheriff before a levy was made under the execution, the proper course would have been to levy under the execution upon sufficient property to satisfy both writs and then levy the attachment subject to the levy under the execution. The proceeds of the sale would then have first gone to satisfy plaintiff's judgment and what remained applied on the judgment in the bank case. Landis v. Evans, 113 Pa. 332, 6 A. 908; Garner v. Cutler, 28 Tex. 175. But defendant had only plaintiff's writ to execute when the levy was made thereunder, and his duty in regard thereto is thus stated in 2 Freeman, Executions (3 ed.) § 253:

4

"It is the duty of the officer, on the one hand, to avoid making an inadequate, and, on the other hand, to avoid making an excessive levy. For an error of conduct in either respect, he is responsible to the person damaged. He is always to remember that the writ is designed as an instrument of justice, and ought not to be made an instrument of oppression. In order that his levy may not be inadequate, he should calculate the value of the property seized, not at its market price, but at the price it is likely to produce at a forced sale, at the time and in the place where such sale is to be made. * * * If, having ample property within his reach, he makes a levy which proves—by the test we have just laid down—to be inadequate, he is responsible to the plaintiff, unless the inadequacy has resulted from an unusual depreciation in the value of the property, occurring subsequently to the levy." French v. Snyder, 30 Ill. 339, 83 Am. D. 193; Dewitt v. Oppenheimer & Co. 51 Tex. 103; Adams v. Spangler (C. C.) 17 F. 133.

In French v. Snyder, 30 Ill. 339, 345, it is said the sheriff "is to take care he seizes as much as a prudent and reasonable man would deem sufficient." 5 Dunnell, Minn. Dig. (2 ed.) § 8742. Guiterman Brothers v. Sharvey, 46 Minn. 183, 184, 48 N. W. 780, 781, 24 A. S. R. 218, says: "Reasonable diligence is all that it requires." Since the writ of attachment was not actually in the hands of the sheriff when the levy under plaintiff's execution was made, we think the question of due diligence remained a question of fact. The jury could find from the evidence, under the instructions of the court, that the ordinarily prudent person would consider the property seized under plaintiff's execution amply sufficient, on a forced sale, to satisfy the judgment. We consider the evidence as to the cost and value of the property levied on admissible. The charge of the court was correct as to the matters that should bear on the judgment of a sheriff in determining the sufficiency of a levy. There is one item of evidence here that goes far to show that the ordinarily prudent person would have concluded that the first levy was adequate. Defendant testified: "Well, I made the levy and I went right over to Neils' office and told Mr. Neils [plaintiff's attorney]

that I had made the levy and what I had levied upon, and advised him that I was going on with the writ of attachment for Allan Atwood" (in the bank case). No objection was made. The sheriff's deputy testified that Mr. Neils was shown a list of the property levied on and that Neils thought it was all right. A suggestion then that a further levy be made under the execution and that the levy under the attachment be made subject to that under the execution would have obviated this lawsuit and secured the payment of plaintiff's judgment.

Plaintiff relies strongly upon Ohlson v. Pierce, 55 Wis. 205, 210, 12 N. W. 429. But the court there said:

"This is not a case of mere negligence in not making a levy or in making an insufficient one, where only reasonable diligence under the circumstances would be required, but a case of the violation of a positive duty enjoined by law to levy executions in the order of time in which they come into the hands of the officer, upon all the property of the judgment debtor."

So what is said in that decision is to be understood as relating to the precise question there involved. Counsel concedes that it cannot mean that an execution for a small sum must be levied upon all the property of the judgment debtor, no matter how great in amount or value. A sheriff may be liable in damages for an excessive levy. Sharvy v. Cash, 66 Minn. 200, 68 N. W. 1070.

Counsel's point that the proceeds of the sale under the execution issued in the bank case should have been applied upon plaintiff's judgment cannot be sustained. 2 Mason Minn. St. 1927, § 9425, provides:

"Until a levy, property not subject to the lien of the judgment is not affected by the execution."

It follows that only the property levied upon under plaintiff's execution could be applied in satisfaction of his judgment. The levy under the execution in the bank case must first be applied to the satisfaction of that judgment, and no more was realized therefrom than the amount of the judgment and expenses of the sale. We think the right of the two judgment creditors as against each

other in the proceeds of the sales is governed by Albrecht v. Long, 25 Minn. 163, 171, where the court, construing the provision quoted from § 9425, says:

"The property is not affected by the *teste,* nor the delivery to the sheriff. The levy fixes the rights of the creditor as to the specific property."

We therefore think the cases from other jurisdictions cited by plaintiff to the effect that a sale of property levied upon under a junior execution must be applied upon an execution earlier in the hands of the sheriff, regardless of any levy thereunder, cannot control here. The case of the Kingston Bank v. Eltinge, 40 N. Y. 391, 100 Am. D. 516, seems to sustain the view that the proceeds of the sale of the property levied upon under an execution goes to the judgment creditor named therein, and can be recovered from the judgment creditor in a prior execution which had been levied on the same property, but the lien of which had expired prior to the sale, even though both parties, in ignorance of such expiration, had consented to the application upon the senior execution.

The order is affirmed.

