In re SCHOENFELD et al.

GAMBLE v. WILBUR-STEPHENS CO.

(Circuit Court of Appeals, Third Circuit. November 28, 1910.)

No. 1,364.

1. BANKRUPTCY (§ 114*)—RECEIVERS—SALE OF PROPERTY.
    It is not illegal for one to purchase the claims of the creditors of a bankrupt, and, if by reason of such purchases those who have sold their claims lose interest and do not attend the sale of the bankrupt's property and bid thereon, such nonattendance and possible elimination of bidders cannot be charged against the receiver who makes the sale.
    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 114.*]

2. BANKRUPTCY (§ 114*)—RECEIVERS—ACCOUNTING.
    Where exceptions to the accounts of a receiver in bankruptcy charged him with a fraudulent conspiracy to discourage bidders at a sale of the bankrupt's property, but on the hearing such charge was not sustained, the referee was not authorized to surcharge his account on another ground as to which there was no exception or hearing.
    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 114.*]

3. BANKRUPTCY (§§ 114, 368*)—ACCOUNTING BY RECEIVER OR TRUSTEE—RIGHT TO COMMISSIONS.
    Within the limits fixed by law, the amount to be allowed as commissions to a receiver or trustee is subject to the sound judicial discretion of the court. and, where a receiver or trustee has been negligent in the

performance of his duty, the court may in a proper case, without the filing of any exceptions, deny him any commissions.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 571; Dec. Dig. §§ 114, 368.*]

Appeal from the District Court of the United States for the Western District of Pennsylvania.

In the matter of Max and Hugo Schoenfeld, bankrupts. From an order surcharging his accounts and denying him commissions, Robert G. Gamble, receiver and trustee, appeals. Reversed in part.

Charles A. Woods and M. L. Avner, for appellant.
Ralph L. Smith, for appellee.

Before BUFFINGTON and LANNING, Circuit Judges, and CROSS, District Judge.

LANNING, Circuit Judge. In this case Robert G. Gamble, receiver and trustee of Max and Hugo Schoenfeld, bankrupts, complains of the decree of the District Court overruling the exceptions contained in his petition to review an order of the referee, by which he was surcharged in his account as receiver with the sum of $1,047.50, and allowing the exceptions of the Wilbur-Stephens Company, a creditor, by which action he was surcharged in his account as trustee, in lieu of the sum of $1,047.50, with the sum of $3,150. He brings the case to this court both by a petition to revise, under section 24b of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]), and by appeal under section 25a of the same act. As the errors complained of in the petition to revise and the assignments of error on the appeal are identical, and present only questions of law, we need not stop to consider which of the two methods of procedure is the correct one, or whether the two methods may be prosecuted together.

On March 27, 1909, the District Court made an order directing Gamble, who had just then filed his account as receiver, and who had previously qualified as trustee, to hold the balance appearing to have been in his hands until his account as trustee should be filed, when, it was ordered, both accounts should be subject to examination and exception by all parties in interest. After his account as trustee had been filed, the Wilbur-Stephens Company excepted to his account as receiver. The exceptions were (1) that the receiver had entered into a conspiracy with certain other persons to discourage bidders at the public sale of the bankrupt's estate for the purpose of personally profiting thereby; (2) that he had unlawfully refused to receive or consider some of the bids that were offered for the property at the sale; and (3) that the property was worth $12,000, or more, and was sold by him to two of the alleged conspirators for the sum of $4,350. The exceptions closed with a request that the receiver's claim for compensation and administration expenses be disallowed, and that he be surcharged with $7,650, the difference between $4,350 and $12,000.

There is no evidence whatever in support of the second exception, and the third exception necessarily stands or falls with the first. As to the first exception, it is to be noted that the object of the alleged conspiracy is stated to have been that the receiver might personally profit thereby. But the referee himself declared, in his report on the exceptions, that he was not satisfied that the receiver was a party to any arrangement to profit by the sale that he made. That conclusion is amply supported by the proofs. It is shown that the claims of certain creditors were purchased by Finkelhor Bros., who were the purchasers at the receiver's sale, but it is not shown that the receiver had any connection with these purchases. It is not illegal for one to purchase the claims of the creditors of a bankrupt, and if, by reason of such purchases, those who have sold their claims lose their interest in the administration of the bankrupt's estate, and do not attend the sale of the bankrupt's property, and bid with others for that property, such nonattendance and possible elimination of bidders is not to be charged up against the receiver. It appears that Finkelhor Bros. paid three of the creditors of the bankrupts the aggregate sum of $1,047.50. This is the sum with which the referee surcharged the account of the receiver. The ground on which the surcharge was made was not that the receiver had entered into the alleged conspiracy, but that the referee was "satisfied from the evidence that said sale was accomplished by reason of the failure by the trustee (receiver) to exercise that vigorous care to obtain the full value of the bankrupt stock which was his duty in the case." It appears, therefore, that the receiver was called on by the exception to his account to meet a charge of fraud, and, though no fraud was found, he was condemned on a ground not specified in the exceptions, not necessarily involving fraud, and of which he had had no notice. This, we think, was wrong.

The receiver then went to the District Court on a petition to review, assigning in the body of his petition as error the charge against him. The Wilbur-Stephens Company did the same thing, assigning as error the failure of the referee to surcharge the receiver with $7,650, instead of $1,047.50, and his failure to refuse to the receiver any allowance for his services or for his administration expenses. As above stated, the District Court dismissed the petition of the receiver, and, to the extent of $3,150, allowed the petition of Wilbur-Stephens Company. In his opinion the learned judge of the District Court does not disagree with the conclusion of the referee that there is no satisfactory proof that the receiver entered into any arrangement for the sale of the bankrupt's estate by which he would be benefited. The case was disposed of by the District Court as well as by the referee on the ground that the receiver was not as vigilant as he should have been. Included in the charge of $3,150 are commissions to the amount of $225. Within the limits fixed by law, the amount to be allowed as commissions is subject to the sound judicial discretion of the court. Where a receiver or trustee has been negligent in the performance of his duty, the court may, in a proper case, without the filing of any exceptions, deny him any commissions. We are not disposed to interfere with the action of the District Court in the matter of these commis-

sions, but we think the case does not warrant the severe condemnation of the decree here complained of.

The decree of the District Court will be reversed and the record remanded, with instructions to enter a decree to the effect that the order of the referee surcharging the receiver with the amount of $1,047.50 be set aside, and that the claims of $100 in the receiver's account, and of $125 in the trustee's account, as compensation for services ·rendered as receiver and trustee, be disallowed. Neither party will be allowed costs in this court.