## In re TISCH.

### (District Court, S. D. New York. December 23, 1912.)

RECEIVERS (§ 99*)—APPOINTMENT OF CUSTODIANS.

A receiver in bankruptcy is authorized only in exceptional cases to appoint custodians. It is ordinarily sufficient if he takes the same care of the assets that a prudent man would of his own property, and, if he appoints custodians not reasonably necessary, the expense will be charged to him.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 183–186; Dec. Dig. § 99.*]

In Bankruptcy. In the matter of Isaac Tisch, bankrupt. On review of order of referee. Modified and affirmed.

Strauss & Singer, of New York City (William B. Singer, of New York City, of counsel), for petitioning creditors and receiver.

Frederick M. Czaki, of New York City, for receiver.

Philbin, Beekman, Menken & Griscom, of New York City (William C. Armstrong, of New York City, of counsel), for trustee.

HOLT, District Judge. I concur with the referee in his finding that the receiver's attorneys were guilty of gross neglect of duty. In my opinion the receiver was guilty of similar neglect, and should be allowed no commissions. I think, also, that the receiver should be charged with the custodian's fees. There was no need of custodians. The bankrupt's assets consisted of a small lot of jewelry worth about $1,200, a large safe, and some showcases. The assets might have been put in the safe and the safe locked; or if, for any reason, it was

deemed objectionable to leave them in the safe, they could have been stored at slight expense. Apparently the custodian's services consisted in watching the safe and the showcases, but there could not have been much danger of burglars stealing them. If the custodians have rendered the service, they should be paid by the trustee, but the amounts paid should be charged to the receiver. Some receivers seem to suppose that custodians are to be employed in every case. They are not required in most cases. If a receiver takes the same care of the assets that a prudent man takes of his own property, that is ordinarily enough.

I have felt considerable doubt whether the receiver should not be charged with a part of the rent. Receivers should allow bankrupts only a reasonable time in which to try to effect a settlement or a composition. Usually a month is enough. But there is evidence in this case that several different offers of settlement were made, and that the creditors asked to have the premises retained pending consideration of the offers. On the whole, I think that, although the premises were retained a long time, the charge for use and occupation should be allowed and paid by the trustee and no part of it charged to the receiver.

The receiver is directed to pay to the trustee the cash on hand, $125.10, and all other assets, and also the day custodian's fees, $258.-80, and the night custodian's fees, $45, if those amounts are correct, making in the aggregate $428.90, in cash, upon payment of which, with any other assets, if any, he should be discharged and his bond canceled. The allowance to him of $20, recommended by the referee, is disapproved. In other respects the referee's report is confirmed.