## In re J. H. NEWPORT CO.
### No. 22776.

United States District Court
E. D. Pennsylvania.
May 9, 1949.

14

Elias Magil, of Philadelphia, Pa., for receiver and trustee.

Harold M. Rappeport, of Philadelphia, Pa., for the bankrupt.

Geary & Rankin, of Chester, Pa., for J. Herbert Newport, creditor.

McGRANERY, District Judge.

This is a petition for review of certain allowances made by the Referee in Bankruptcy to the receiver and trustee of the bankrupt company, to the counsel for receiver and for trustee, and to the counsel for the bankrupt. After examining the Referee's certificate and a transcript of the evidence, I can find no basis for failure to affirm the last two allowances. The value of services rendered by an attorney is essentially a question of fact. Head v.

Hargrave, 105 U.S. 45, 26 L.Ed. 1028. The Referee's finding on the issue is binding upon the court in review unless clearly erroneous. General Orders in Bankruptcy No. 47, 11 U.S.C.A. following Section 53. What was said in Re Folker, D.C., 47 F.Supp. 522, 524, is equally applicable here:

"There may be honest differences of opinion as to the value of attorneys' services and there is nothing in this record to indicate that the amount fixed by the referee is so disproportionate to the value of the services rendered to justify a conclusion that the referee acted arbitrarily or made a mistake. * * *"

See also In re American Range & Foundry Co., D.C., 41 F.2d 845, 847. Accordingly, therefore, I adopt the finding of the Referee on the allowances to counsel for the receiver and trustee and to counsel for the bankrupt and affirm the orders already entered.

The objections to the sum allowed to the receiver and trustee of the business raises a different issue. The objecting creditor claims that the receiver and trustee were negligent in the conduct of the affairs of the bankrupt. Objections to his accounts in both capacities were filed and testimony taken. As yet, however, there has been no decision by the Referee. The Referee, however, states in his certificate that since the receiver and trustee were not grossly negligent or, by implication, guilty of fraud, there is no basis for denying the statutory commission, 11 U.S.C.A. § 76, whatever may be the disposition of the objections to the accounts. However, it is not clear to me from the cases whether the proper standard by which to judge the receiver and trustee is ordinary, or gross, negligence, or whether there is a meaningful difference between the two concepts. There have been decisions talking in terms of both. Cf. In re Tisch, D.C., 202 F. 1018 with In re Schoenfeld, 3d Cir., 183 F. 219; see Carson, Pirie, Scott and Co. v. Turner, 6 Cir., 61 F.2d 693, 694. The entire matter of allowance of these commissions is a matter of judicial discretion. Since the Schoenfeld case, supra, in this Circuit, speaks of "negligence," an explicit finding as to the propriety of the receiver

and trustee's conduct judged by this standard would seem to be the proper procedure. Accordingly, therefore, this phase of the case will be remanded to the Referee for a finding on this issue. An order will be entered in accordance with this opinion.