CHRISTINA KLAMPE v. FRANK KLAMPE.
H. J. EDISON, RESPONDENT.[1]

April 30, 1920.

No. 21,777.

**Attorney and client — value of attorney's services — jury question.**

> This proceeding, involving the determination of the amount which an
> attorney was entitled to retain as his fees out of money collected by
> him on a judgment, was remanded to the district court to determine
> the reasonable value of the services rendered by the attorney. *Held*:
> (1) That it was within the discretion of the district court to submit
> that question to a jury; (2) that the circumstances of the case justified
> the court in directing the jury to determine whether the client had had
> the benefit, in the action in which the money was collected, of services
> rendered prior to the commencement of the action, and if they so found
> to allow therefor.

After the former appeal reported in 137 Minn. 227, 163 N. W. 295,
defendant's motion to fix and determine the amount of fees respondent
Edison was entitled to retain out of the money then in his hands be-
longing to defendant, was heard by Childress, J., and a jury which an-
swered $600 to the question: "How much is the reasonable value of the
services rendered by the respondent, H. J. Edison, for the defendant,
Frank Klampe, in the divorce proceedings between said Frank Klampe
and Christine Klampe?" And $100 to the question: "How much money
was necessarily expended by the respondent, H. J. Edison, on behalf of
the defendant, Frank Klampe, in the divorce proceedings between said
Frank Klampe and Christine Klampe?" Defendant's motion for a new
trial was denied. From the judgment entered pursuant to an order for
judgment in accordance with the answers of the jury, defendant ap-
pealed. Affirmed.

*Oscar C. Ronken,* for appellant.

*J. J. McCaughey* and *Sasse & French,* for respondent.

[1]Reported in 177 N. W. 629.

TAYLOR, C.

Plaintiff obtained a judgment of divorce against defendant, but was required by the judgment to pay defendant the sum of $2,500 on account of his interest in property standing in the name of plaintiff. Defendant's attorney, the respondent herein, attempted to enforce a lien on the judgment and collected $1,250 thereon, claiming to be entitled thereto under a written contract by which defendant had agreed to pay him one-half of whatever amount was recovered on account of defendant's interest in the property held by the plaintiff. Defendant made an application to the district court for an order requiring respondent to pay over to him the $1,250 which respondent had collected. The district court ruled that respondent was entitled to retain this money under the written contract. On appeal this court held that the contract was void, but that respondent was "entitled to such amount for his services in the divorce proceeding as the court below may find to be reasonable," and remanded the cause "for further proceedings in accordance" with the opinion. Klampe v. Klampe, 137 Minn. 227, 163 N. W. 295. This was in effect a direction to the district court to determine the reasonable value of respondent's services and to require him to pay over to defendant whatever he had collected in excess of the amount so determined. The district court submitted the question of the value of such services to a jury, who fixed the value at the sum of $600, and who further found that respondent had expended the sum of $100 in defendant's behalf. Defendant made a motion for a new trial, which was denied. The court made findings in accordance with the verdict of the jury, and rendered judgment that respondent was entitled to retain the sum of $700, and that defendant recover from him as principal, interest and costs the sum of $671.98. Defendant appealed from the judgment.

Defendant contends that, when the cause was remanded to the district court, it became the duty of that court to determine the value of respondent's services on the record as it then stood, without receiving further evidence or submitting the question to a jury. This contention cannot be sustained. There was nothing in the decision of this court requiring the district court to proceed in that manner. That court had the undoubted right to receive further evidence, if it deemed such evidence desirable. It was within the discretion of that court to determine

the question itself or submit it to a jury. Landro v. Great Northern Ry. Co. 122 Minn. 87, 141 N. W. 1103; Charest v. Bishop, 137 Minn. 102, 162 N. W. 1063; Weicher v. Cargill, 86 Minn. 271, 90 N. W. 402; G. S. 1913, § 4956. As the court had and exercised the power to submit the question to a jury, the fact that neither party could demand a jury trial as a matter of right is not important. Neither is the fact that one or both parties may have opposed such submission.

Defendant insisted that the trial should be confined to a determination of the value of respondent's services in the divorce proceedings and that testimony as to other services should be excluded. Respondent insisted that the services were all rendered in one transaction which culminated in the divorce and could not be separated into two parts. When the question was first raised the court ruled that only the services rendered in the divorce proceedings could be taken into consideration, but, when taking the evidence, permitted respondent to show all the services which he had rendered, and thereafter charged the jury to the effect that they were to determine whether the services rendered before the service of the summons in the divorce action were "in the divorce proceedings either directly or indirectly," and that in determining that question it was "proper to take into consideration whether or not such services so rendered by the respondent were of value to the defendant in the divorce proceedings; whether or not the defendant was benefited by such services in the divorce proceedings." This was followed by a direction to determine the value of respondent's services in the divorce proceedings.

When plaintiff and defendant separated, the title to what property they had accumulated during the years they had lived together stood in plaintiff's name. Defendant claimed to be entitled to a part of the property and employed respondent to enforce his claim. Respondent investigated the title to the property and the manner in which it had been acquired, and made a search for evidence, and, as the result of his examination, reached the conclusion that defendant had no claim which could be enforced by suit. He then opened negotiations with plaintiff's attorney which resulted in an agreement by plaintiff to pay $2,500 in settlement of defendant's claim. At what time defendant and respondent first learned that plaintiff intended to bring an action for divorce does not appear, but, when negotiations for a settlement of the prop-

erty rights were initiated, they were informed by her attorney that he was about to bring such an action. Defendant began his conference with respondent in August, 1916. The written contract between them, held void on the former appeal, bears date October 11, 1916. The summons in the divorce action was served on defendant November 4, 1916. Although defendant never intended to contest the divorce and refused to attend the trial, respondent interposed an answer in the form of a general denial, and on November 16, 1916, appeared before the court and consented to the trial of the cause on that date. Plaintiff presented her evidence and judgment was rendered, granting the divorce and adjudging that defendant recover from plaintiff the sum of $2,500, being the amount which plaintiff had previously agreed to pay in settlement of the property rights. This agreement had been reached before the divorce action had been actually begun by service of the summons.

Defendant employed respondent to recover whatever he could out of the property and to do whatever he deemed advisable to accomplish that purpose. Respondent brought about the settlement, and then made it effective by having it incorporated as a part of the judgment in the divorce action. It was by means of this judgment that defendant obtained the fruits of respondent's labors. The jury unquestionably reached the conclusion that this judgment gave defendant the benefit of all of respondent's services in respect to the property, for the disbursements which they allowed were nearly all made at the beginning of his activities and for the purpose of ascertaining the manner in which the property had passed to the plaintiff, and the amount which they allowed cannot be accounted for, unless his services in procuring the agreement which settled the property rights, and which was made before the commencement of the divorce action, are taken into account. In effect the court directed the jury to determine whether defendant had benefited in the divorce proceedings by these services, and if he had to allow for them. It is clear that the jury followed this instruction, and under the facts and circumstances of this we think the court was justified in submitting the question in that manner.

Judgment affirmed.