## HILMA W. WESTERLUND v. EMIL E. PETERSON. LEWIS & HUNT, PETITIONERS.[1]

Nos. 23,518, 23,519.

December 21, 1923.

**Fixing amount of attorney's fee.**

1. Where there has been a settlement between attorney and client, the former retaining from the moneys of his client, with the latter's consent, the amount of his fee, the attorney cannot thereafter force the client into court by the summary statutory proceeding for the enforcement of attorney's liens, and have the settlement confirmed or the amount of his fee determined anew and by the court.

**Client's right to jury trial.**

2. In such a case, if the client should sue the attorney for a part or all of the money retained by him, he would have the constitutional right to trial by jury, which the attorney's lien statute does not and cannot impair.

[1]Reported in 197 N. W. 110.

**Enforcement of attorney's lien.**

    3. That statute, section 4955, G. S. 1913, as amended by chapter 98, Laws 1917, construed accordingly; and where the attorney claims a lien under subdivisions 1 or 2 on money or property of his client, in his own possession and control, he cannot resort to the summary proceeding furnished by subdivision 6 for the enforcement of liens arising under subdivisions 3, 4 and 5.

January 25, 1924.

On Petition for Rehearing.

**Election of remedy by client.**

    4. A client, whose money is in the hands of his attorney, may elect to bring action at law for the money or proceed summarily, under G. S. 1913, § 4956.

**Statutory denial of trial by jury invalid.**

    5. A statute vesting in the court the discretion to deny the constitutional right to a jury trial is invalid.

**Court's denial of trial by jury when defendant is attorney, invalid.**

    6. There is nothing in the control which courts possess over attorneys, as officers of the court, which makes permissible the extension of such control, so as to include litigants and permit the taking from the latter of their right to a jury trial in an action for money, simply because the defendant is an attorney.

Two actions in the district court for St. Louis county, one by plaintiff individually and the other as mother and natural guardian of a minor child. Her attorneys of record obtained an order to show cause why the amount and validity of their fees should not be determined by the court and plaintiff enjoined from the prosecution of any other action against them to determine the amount of their services. Plaintiff made special appearance through other attorneys, and objected to the jurisdiction of the court. The objection was overruled, Cant, J. From the order overruling the objection and denying her motion to vacate the restraining order, plaintiff appealed. Reversed.

*McClearn & Gilbertson*, for appellant.

*Adams & Jones, A. L. Agatin* and *George B. Sjoselius*, for Lewis & Hunt.

STONE, J.

This proceeding results from two actions commenced in the district court. One was to recover the expenses incurred by plaintiff in caring for her minor son, after injuries sustained by him through the alleged negligence of defendant. The companion case for the son's benefit sought damages for the injuries.

The respondents, Messrs. Lewis & Hunt, attorneys at law, were retained to conduct both cases. The actions were commenced and settled. By the settlement, approved of course by plaintiff, it was agreed that judgment be entered in the mother's case for $1,200 and in the son's for $1,550. Judgments were so entered and collected and the money paid to plaintiff's attorneys. They retained $450 as their fee in the mother's case and $550 in the son's making their total charge $1,000.

As between plaintiff and her attorneys, the settlement was intended to be final. The fee, while large, was somewhat less than the attorneys were entitled to by their contract with plaintiff. There the matter rested for some time. Apparently, it was a closed incident, and rapidly becoming ancient history. But it came to the notice of Messrs. Lewis & Hunt that friends of their erstwhile client had interested themselves in her affairs and were criticizing the settlement because of the size of the attorney's fee.

So, to have the matter settled, if they could, some four months after the settlement, the attorneys petitioned the district court for an order directing plaintiff to show cause why a judge of that court should not, in the summary statutory proceeding, determine the amount of their fees in each of the cases. The order issued and plaintiff appeared specially and moved that the petition be stricken from the record upon the ground that the court had no jurisdiction to hear and determine the matter in a summary proceeding. After a hearing, the court made an order denying plaintiff's motion. This appeal is from that order.

. The only question presented is one of statutory construction, the statute involved being section 4955, G. S. 1913, as amended by chapter 98, p. 121, Laws 1917, relating to the liens of attorneys. The provisions of section 4955 with which we are concerned are these:

An attorney has a lien for his compensation * * *.

1. Upon the papers of his client coming into his possession in the course of his employment.

2. Upon money in his hands belonging to his client.

3. Upon the cause of action from the time of the service of the summons therein, *or the commencement of the proceeding, and upon the interest of his client in any money or property involved in or affected by any action or proceeding in which he may have been employed, from the commencement of said action or proceeding, and, as against third parties, from the time of filing the notice of such lien claim, as provided in this action.*

4. Upon the money *or property* in the hands of the adverse party to the action or proceeding in which the attorney was employed, from the time such party is given notice of the lien.

5. Upon a judgment * * *.

6. *The liens provided by subdivision 3, 4 and 5 of this section may be established, and the amount thereof determined, by the court, summarily, in the action or proceeding, on the application of the lien claimant or of any person or party interested in the property subject to such lien, on such notice to all parties interested therein as the court may, by order to show cause, prescribe, or, such liens may be enforced, and the amount thereof determined, by the court, in an action for equitable relief brought for that purpose.*

The italics are those used in the 1917 amendment to indicate the new matter.

The question then is whether Messrs. Lewis & Hunt have the right under the statute to take the initiative, hale their former client into court and compel her to submit, in a summary proceeding under subdivision 6, to a final adjudication of her claim, whatever it may be. That question we answer in the negative and for reasons as follows:

It will be observed that the proceeding furnished by subdivision 6 does not apply to liens under subdivisions 1 and 2, but includes only those arising under subdivisions 3, 4 and 5.

If there is anything upon which the attorneys here have a lien, it is money in their hands belonging to their client. It is a case within subdivision 2.

If subdivision 3 is construed to include cases such as this, whether there has been a settlement or not, subdivision 2 is made surplusage. It is rendered utterly meaningless. That is one reason for avoiding the construction of the statute necessary to sustain the position of the attorneys in the instant case.

Subdivision 3, if it stood alone, would lend itself to the broad construction contended for. But it is just as susceptible of the narrower interpretation restricting to the interest of the client in money or property not in the possession or exclusive control of the attorney claiming the lien, but in whole or in part still in the possession or under the control of the court, an adversary, or even a stranger to the action. That is probably the only result intended by the amendment because, under the old law, the lien attached only to "money in the hands of the adverse party."

There is still another and more compelling view restricting subdivision 3 within the limits indicated.

When the proceeding was commenced there had been a settlement between attorneys and client. They had nothing, and now have nothing, belonging to her. There is no property of the clients in their hands to which a lien can attach.

Neither have the attorneys any further claim against the client. The potentiality of the situation responsible for this proceeding is that the client may assert a claim against the attorneys. If she does, it will be a claim for money. She may rescind, or seek to have rescinded, the settlement, and sue for money. This proceeding discloses no evidence to support such a claim. But it may be asserted, and by an action to recover money, in which the client will have the constitutional right to trial by jury—a right of which no statute can deprive her.

There is some difficulty, arising from the language of subdivision 3 as amended, in the way of excluding this case from its effect. But to include it, and in such manner as to compel the client to submit to the summary statutory procedure and the resulting loss of her right to trial by jury, would render the statute pro tanto unconstitutional. To avoid that result—one to be avoided whenever possible—we must not extend subdivision 3 to cases where the lien sought to be enforced is merely the retaining lien of the common law, and the property affected is in the possession and exclusive control of the attorney.

The liens under subdivisions 1 and 2 are the retaining liens of the common law. They are entirely passive—possessory only—and of benefit to the attorney only when the client proceeds against him. Then they are matters of defense and his lien must be satisfied before he is deprived of the possession (of the client's property), upon which the lien is predicated. Therefore, if the attorneys here had any money belonging to their client, the plaintiff, all they could do would be to retain it, await her action to recover it and then set up their lien.

In such a case, if one is commenced, plaintiff's claim, we repeat, will be for the recovery of money, and her right to a jury trial is assured by section 4 of article 1 of the Constitution of Minnesota.

We do not overlook the fact that a suit to enforce a lien is ordinarily equitable in nature and not attended by the right to a jury trial. That does not alter the result for the simple reason that the presence of a lien as a defense cannot change plaintiff's claim at law to one in equity and thereby take away her right to a jury trial.

The statement in 24 Cyc. 116, that the rule that suits to enforce liens are of an equitable nature and "not of right triable by jury" applies in the case of attorneys only to charging liens, where the attorney has the right to initiate the action to enforce the lien. It cannot apply—and the cited authorities so indicate—to retaining liens as to which the attorney has no right to initiate proceedings. One of those cases is Hill v. Phillips' Admr. 87 Ky. 169, 7 S. W. 917, where an attorney sought to enforce a charging lien. Although he was the moving party, the court held that the client was entitled to a jury trial and said:

"In the case at bar the appellant's lien, if any he had, depended upon the result of the legal issue as to the value of his services. The appellees contended that he had been paid the full value of his services. The issue was one of fact, which was to be determined by common law principles. Either party had the right to have the issue settled by a jury. Therefore, the circuit court did right in transferring the issue to the ordinary docket to be tried by a jury."

Crissman v. McDuff, 114 Iowa, 83, 86 N. W. 50, also cited in Cyc. clearly supports the client's right to a jury trial in a case such as this. The proceeding was by the attorney to enforce his lien on a judgment. The client, under the statutes of Iowa, had a right to discharge the lien. He did not avail himself of that right and the court said: "Had defendant filed his bond before an action to foreclose the lien was begun, plaintiff would have been obliged to proceed at law," in which event there would have been a trial by jury. That view, for Iowa at least, was confirmed and made settled law in Jamison & Smyth v. Ranck, 140 Iowa, 635, 119 N. W. 76.

It is true that in Standidge v. Chicago Rys. Co. 254 Ill. 524, 98 N. E. 963, 40 L. R. A. (N. S.) 529, Ann. Cas. 1913C, 65, a proceeding to enforce a charging lien on the amount of a settlement in a personal injury action, it was held that there was no right of trial by jury. But the result was put upon the assumption that the controlling statute created a new right, not known to the common law, and that it was "clearly within the power of the legislature to provide for the enforcement of such rights without a jury trial." That is good law. But applied to the instant case it would give scant recognition to the client's right to have her money demand against her former attorneys—if she asserts one—passed upon by a jury.

By extending equitable jurisdiction to new subjects, the legislature cannot impair the right to trial by jury. It cannot "confer equity jurisdiction * * * in matters in respect to which such jurisdiction did not exist before the adoption of the Constitution, and draw to it a legal cause of action cognizable exclusively in a law court and triable by jury, and have both tried by a court without a jury." Wiggins & Johnson v. Williams, 36 Fla. 637, 657, 18 South.

859, 30 L. R. A. 754, citing Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712, 35 L. ed. 358.

There being no ground upon which the statute can be construed to deprive appellant of her constitutional right to have her claim against respondents, if she asserts one, tried by a jury, there must be a reversal.

So ordered.

## ON PETITION FOR REHEARING.

On January 25, 1924, the following opinion was filed:

STONE, J.

Respondents' petition for rehearing has received attention which we have attempted to make thorough-going. As a result, the conclusion expressed in the former opinion is confirmed rather than weakened, and the petition is denied.

The point is made that the original opinion does not review the Minnesota cases. That is a proper criticism and the omission is one which we are glad to rectify. The cases to which our attention has been invited are: Weicher v. Cargill, 86 Minn. 271, 90 N. W. 402; Landro v. Great North. Ry. Co. 122 Minn. 87, 141 N. W. 1103; Farmer v. Stillwater Water Co. 108 Minn. 41, 121 N. W. 418; Klampe v. Klampe, 145 Minn. 404, 177 N. W. 629, and Eriksson v. Boyum, 150 Minn. 192, 184 N. W. 961.

These cases are not of the slightest assistance to respondents. In none of them was the constitutional question presented and in none of them was there opportunity for it being urged as conclusive one way or the other. In Weicher v. Cargill the proceeding was by the attorneys against both the plaintiff (their client), and the defendant, to enforce their lien on money remaining in the defendant's hands after a settlement, negotiated directly between the parties and without the intervention of the complaining attorneys. It was clearly a proceeding to enforce a charging lien, and, therefore, in its very essence, of equitable cognizance, and not of right triable by jury.

Landro v. Great Northern Ry. Co. was a summary proceeding by client against attorney. The decision contains a most helpful statement by Mr. Justice Dibell, explaining the right of the client to proceed summarily, *if the client elects*, against the attorney. It ought to be too clear for comment, that in any proper case the client may waive his action at law and proceed summarily against the attorney. G. S. 1913, § 4956.

In Farmer v. Stillwater Water Co. the proceeding was by the attorney to enforce his lien on a verdict, the case having been settled after verdict directly between the parties, the plaintiff agreeing to protect the defendant against the attorney's lien, which both parties recognized. This also was purely a proceeding to enforce a charging lien and was properly conducted along equitable lines, although there was a trial by jury. The case would have been very different had the money been paid into the attorney's hands as in the instant case. In that situation it is not to be doubted that the client would have had an election of remedies as between an action at law for the money and the procedure under the statute.

Klampe v. Klampe in its final phase was another proceeding wherein the *client elected* the summary procedure and therefore it is not particularly relevant here.

Eriksson v. Boyum was in part an independent action by attorney against client to recover for legal services and to have the amount of the recovery declared a lien upon certain corporate stock. The services were rendered under a contract whereby, in case of disagreement, the question of the value of the attorney's services was to be submitted to the court, to be ascertained and determined accordingly "in the action at the end of the litigation." That agreement was held a binding one, conferring upon the court jurisdiction to determine the question so agreed to be submitted to it. It is true that in that case it was remarked that, under its special circumstances, "the special contention that the client is thus wrongfully deprived of a jury trial is without substantial merit." Of course, it was without merit because he himself had agreed to have the issue tried by the court without a jury. The additional comment is that "similar proceedings, had in the main action, to determine the attor-

ney's compensation for services rendered therein, have often been entertained by the court on the petition of the attorney, in the absence of contract stipulation," citing, in addition to the other cases now under review, Forbush v. Leonard, 8 Minn. 267 (303); and Crowley v. Le Duc, 21 Minn. 412. Forbush v. Leonard was a simple proceeding by an attorney to enforce a charging lien on a judgment. Crowley v. Le Duc was another effort to enforce a charging lien as against the adverse party who had settled with their client in fraud of the complaining attorneys.

In not one of these cases was there involved anything more than the purely equitable process of enforcing an existing charging lien. In every case there was a verdict or judgment, or the proceeds of litigation remaining in the hands of the adverse party, and there was no way open to the complaining attorneys to protect their rights except by the statutory proceeding intended for that purpose.

It was not contended in one of them, and there was no room for the contention, that, where the only question between attorney and client is whether the client has the right to recover money from the attorney, the former does not have an election of remedies and cannot proceed by an action at law. The dictum quoted from Eriksson v. Boyum cannot fairly be construed as going to any such extent. In any event, the right to a jury trial having been done away with by express agreement of the client, the discussion in the opinion, so far as it goes beyond that fact, may be considered as obiter.

The opinion in Eriksson v. Boyum does not support the suggestion—we cannot believe that it is intended as an argument—that the guaranty of the right to trial by jury is fulfilled by a statute making discretionary the granting of a jury trial. Our constitutional guarantees "do not mean to leave room for the play and action of purely personal and arbitrary power." Yick Wo v. Hopkins, 118 U. S. 356 (370). It follows that any statute permitting a court as a matter of discretion to deny a constitutional right is just as objectionable as though it made mandatory the denial of that right.

There is nothing in the control which courts possess over attorneys, as officers of the court, which makes permissible the extension of such control so as to include litigants and permit the taking from

the latter of their right to a jury trial in an action for money simply because the defendant is an attorney.

Respondents insist that the controlling question, that concerning the client's right to trial by jury in a case where his only effort is to recover money from an attorney, has been decided the other way in New York. The cases cited in support of that contention are: In Re Farrington, 131 N. Y. Supp. 312; Wolfe v. Mack, 142 N. Y. Supp. 433; In Re Connor's Estate, 164 N. Y. Supp. 374; In Re Lahn, 167 N. Y. Supp. 217; In Re Eno's Estate, 182 N. Y. Supp. 571; In Re Farmers Loan & Trust Co. 188 N. Y. Supp. 373. In not one of these cases was there any suggestion by a client, or on his behalf, that he was entitled to a jury trial. The question is not once mentioned, and in several of the cases there was no room for its consideration either because the client himself was taking the initiative in a summary proceeding, or the matter came up in probate proceedings.

We have always supposed that when a debtor paid his creditor, the latter's lien, if any, was extinguished. That explains our statement that, in view of the admitted settlement, supposedly final, between respondents and their client, "there is no property of the clients in their hands to which a lien can attach." This statement respondents term a "shallow claim." That may be true, but the plummet used in sounding the intellectual depth of the statement in question is this mistaken summary of Farmer v. Stillwater Water Co. "In the Farmer case, all that the attorney had was a legal demand for money for services rendered against the client. He had possession of nothing and the client had nothing intact to which a lien might attach." That statement is wrong in this: The attorney there did possess something very substantial; he had a lien on the verdict, a lien very carefully protected by the statutory method, a charging lien recognized as valid by the parties, and against which the plaintiff had expressly undertaken to protect defendant in order to induce the latter to settle. True, the attorney had in his hands no money of his client. But he did have the verdict, a very substantial one, upon which he fastened his lien. And it was a charg-

ing lien which he had the right to enforce in the appropriate manner.

Attorneys' liens, both retaining and charging, were well known at common law. 2 R. C. L. 1063 and 1069. In that connection, we repeat the concluding thought of the original opinion, to the effect that, simply by enlarging common-law rights, or amplifying the procedure for their enforcement, a legislature cannot deprive a party of a constitutional right such as trial by jury.

Finally, it should be observed (in response to another pertinent suggestion of counsel) that, although our statute concerning attorneys' liens and their enforcement is a substitute for the common law on the subject, it does not deprive the courts of their inherent power by summary proceedings, initiated in a proper case by a client against an attorney to compel the latter to account to the client for money or property which in any way has come into the attorney's possession. In fact that power is declared and vitalized by statute, section 4956, G. S. 1913. Against such proceedings attorneys have ample protection in the liens created by statute and the uniform disposition of courts to protect their rights against the inclination of some clients to deny the compensation earned by the faithful attention of the attorney to the matter intrusted to his charge.