## In re STRONGE & WARNER MILLINERY CO.

District Court, D. Minnesota, Third Division. July 17, 1929.

SANBORN, District Judge. This matter came on to be heard in chambers on the 17th day of July, 1929, upon a petition of Lightner & Gehan, attorneys at law, to review an order of Hon. John P. Galbraith, referee in bankruptcy, requiring that firm to pay over to the trustee $7,471.08.

Mr. Mark H. Gehan appeared for the petitioners, and Mr. John M. Bradford for the trustee.

It appears that the bankrupt had an alleged claim against a Mr. Waldheim growing out of a breach of contract for a lease. This

claim had been in the hands of the petitioners from about 1919. Shortly before bankruptcy, a suit was commenced upon this claim against Mr. Waldheim, who was a nonresident of the state, and, through the efforts of the petitioners, a settlement for the sum of $10,000 was procured. This settlement was approved, and appears to have been extremely advantageous. The petitioners retained the $10,000, claiming a lien for $3,300 as the value of their services rendered in that proceeding, and also a lien for $496.16, being the amount of services and disbursements due them from the bankrupt prior to bankruptcy in connection with other matters. The referee found that in the Waldheim matter they had been employed upon a contingent basis, and were entitled to $2,500 for services and $28.92 for disbursements in connection with that matter, but that they had no lien for the $496.16, the general balance due them from the bankrupt.

The question as to whether the value of the services was $3,300, as claimed by the petitioners, or $2,500, as fixed by the referee, was a question of fact. It cannot be said that $2,500 is so disproportionate to the value of the services rendered as to justify the conclusion that the referee acted arbitrarily or that his finding represented anything other than his best judgment impartially exercised. Under the circumstances, to reverse the referee would be merely substituting the opinion of this court for his opinion on a question of fact, about which there can be an honest difference of opinion, and that is not the purpose of a review.

The next question is whether the petitioners are entitled to a lien for the $496.16.

The case of Forbush v. Leonard, 8 Minn. 303 (Gil. 267), holds that, where a lien is claimed upon money in the hands of an adverse party or upon a judgment, it is for services rendered only in connection with the proceeding in which the judgment was obtained or money found to be in the hands of the adverse party. That, however, is not this situation. At common law, an attorney had a possessory or retaining lien upon money or property in his hands belonging to his client, for a general balance due him. See note to Hanna v. Island Coal Co., 5 Ind. App. 163, 31 N. E. 846, 51 Am. St. Rep. 246; In re Badger (C. C. A.) 9 F.(2d) 560; also 6 C. J. 759. The statutes of Minnesota (section 5695, Gen. Stat. Minn. 1923) giving to an attorney a lien for compensation "(1) Upon the papers of his client coming into his possession in the course of his employment," and "(2) Upon money in his hands belonging to

his client," are merely declaratory of the common law, and the Supreme Court of this state has so decided. Westerlund v. Peterson, 157 Minn. 379, 384, 197 N. W. 110.

Therefore the petitioners have a lien upon the $10,000 recovered by them for the bankrupt, to the extent of all amounts due them from the bankrupt for services and disbursements up to the time of bankruptcy.

The referee's order is reversed only in so far as it fails to grant the petitioners a lien for the $496.16.