## In re FOLKER.

### No. 25914.

District Court, E. D. Michigan, S. D.
Nov. 10, 1942.

John J. Nellis, of Detroit, Mich., for bankrupt.

Aaron Weisswasser and Frazer & Popkin, all of Detroit, Mich., for petitioners for review.

LEDERLE, District Judge.

The petitioners, Frazer & Popkin and Aaron Weisswasser, were regularly appointed and acted as attorneys for the trustee. When the bankrupt filed his petition and schedules he disclosed no assets and approximately $180,000 in liabilities. The trustee and his attorneys, acting with extreme diligence which merits commendation, after an examination of the bankrupt and a number of other witnesses, discovered certain concealed assets. In order to recover these assets it was necessary to take part in the prosecution of five different actions, three in this court and two in the Circuit Court for the County of Wayne. As a result of their diligent efforts they recovered in excess of $1,800 for the estate. The attorneys filed a claim for $800 in fees, and after a hearing the referee, Honorable George A. Marston, allowed the sum of $250. Thereupon this petition for review was properly filed and brought on for hearing in open court. No one appeared to oppose the petition for review, and no additional evidence was offered on behalf of the petitioners.

It is the claim of the petitioners that the referee failed to give full consideration to the extraordinary and unusual services rendered by them, and that he erred in the application of Rule 98 of the District Rules in Bankruptcy as amended to July 1, 1942[1].

---

[1] Rule 98. *Amount of Compensation.* (a) The following factors shall be taken into consideration in determining the allowance of fees of attorneys:

1. The amount of work done,

2. The length of time employed,

3. The necessity of doing the work and spending the amount of time,

4. The difficulties or intricacies of the problems presented,

5. Whether there has been an overlapping or duplication by petitioner of the work by others,

6. The results accomplished, beneficial or detrimental,

7. The amount involved in connection with the services rendered, and

8. The amount realized in the estate.

(b) In the average estate normally administered, the compensation allowed shall be approximately as follows:

To the attorney for the bankrupt, fifty dollars for preparing and filing the petition and schedules and twenty-five dollars for attending the first meeting of creditors;

To the attorney for the petitioning creditors in uncontested cases, one hundred dollars for filing the petition and incidental services and twenty-five dollars for attending the first meeting of creditors;

■ The fact that no one appeared to oppose the petition for review does not relieve the court of the duty of seeing to it that allowances to attorneys are proper and reasonable. Irwin v. Swinney, D.C., 45 F.2d 890.

■ Attorneys acting on behalf of trustees in bankruptcy proceedings should be encouraged to make every effort to see that the bankrupt has not concealed any of his assets, and when such attorneys do expend a great amount of time and effort in the intelligent performance of these duties they should be adequately compensated if there are funds for this purpose.

■ The accuracy of the referee's certificate is not disputed. It is clear that he did fully consider all of the special circumstances and conditions involved in this case in arriving at his determination of the fair value of these services. Having supervised the administration of this estate he was thoroughly familiar with the entire record and there is no claim that he acted arbitrarily or that he did not impartially exercise his judgment. The value of services rendered by an attorney is a question of fact. Head v. Hargrave, 105 U.S. 45, 26 L.Ed. 1028.

A referee's findings are binding upon the court on review unless clearly erroneous. General Orders in Bankruptcy No. 47, 11 U.S.C.A. following Section 53.

■ There may be honest differences of opinion as to the value of attorneys' services and there is nothing in this record to indicate that the amount fixed by the referee is so disproportionate to the value of the services rendered to justify a conclusion that the referee acted arbitrarily or made a mistake. In re Stronge & Warner Millinery Company, D.C., 33 F.2d 1001.

■ Rule 98 of the District Rules in Bankruptcy was promulgated prior to the time that the referee entered his order fixing the allowance of these fees, but it did not become effective until a subsequent date, and it is the claim of the petitioners that the referee erred in applying this rule prior to its effective date. This is of no importance because it will be noted that the principles outlined in this rule are those which it was the duty of the referee to apply even in the absence of such a rule.

The referee's finding is supported by the evidence and must be affirmed, and an order may be so entered.

To the attorney for the receiver, if any, twenty-five dollars; and

To the attorney for the trustee, fifty dollars.

(c) To the extent that the allowance is based on time spent the following schedule shall be a basis in making the determination:

Office Work—Per hour, five dollars.
                —Per day, twenty-five dollars.

Court Work—Per Hour, fifteen dollars, not exceeding fifty dollars per day.

(d) The referees shall, in making allowances to attorneys, take into consideration any especial circumstances or conditions, the purpose of this rule being to furnish a guide to practitioners and to the court in determining proper allowances to attorneys, having in view at all times the interests of creditors.