VILLAGE OF NEW BRIGHTON,
Petitioner,

v.

Duane B. JAMISON, et al.,
Respondents-below,

Richard Miller, Appellant,

James P. Miley, Applicant, Respondent.

No. 48646.

Supreme Court of Minnesota.

April 20, 1979.

---

Doherty, Rumble & Butler, Robert L. Davidson and Stephen T. Refsell, Minneapolis, for appellant.

Firestone, Fink, Krawetz & Stern and Israel E. Krawetz, St. Paul, for respondent.

Heard before PETERSON, KELLY, and WAHL, JJ., and considered and decided by the court en banc.

PETERSON, Justice.

The issue for decision is whether an attorneys lien asserted by respondent, James P. Miley (hereafter intervenor), against funds owed to appellant, Richard N. Miller (hereafter defendant), his client in a condemnation matter, was properly determined by the summary proceeding provided by Minn.St. 1976, § 481.13(3).

A district court jury made an award to defendant condemnee against condemnor, the city of New Brighton (hereafter city), which exceeded that of the court-appointed commissioners. The city issued a check in the amount of $63,576.85, payable jointly to defendant and his wife and to intervenor, which represented the net amount owed to defendant from the jury verdict. The check was delivered to intervenor. Shortly thereafter, a dispute arose between defendant and intervenor regarding attorneys fees.

On November 17, 1976, intervenor served a notice of attorneys lien upon the city and defendant. The notice claimed a lien on the check which was still in intervenor's possession. Intervenor also served and filed a motion and notice of motion requesting the court, as part of the condemnation proceeding, to summarily determine the amount of attorneys fees. The matter came on for hearing on November 24, 1976. At that time, defendant appeared in court without counsel and was granted a continuance to obtain counsel. On November 26, 1976, intervenor served defendant and the city with an amended notice of attorneys lien, claiming a lien on defendant's cause of action in the condemnation proceeding. The matter was heard on November 29, 1976. At the hearing, defendant requested a jury trial; the court denied the request.

By order dated December 27, 1976, the court established the lien and determined the amount thereof in accordance with § 481.13(3). Defendant then moved for amended findings of fact, conclusions of law, and order for judgment or, in the alternative, for a new trial. Defendant appeals from the order denying his alternative motions. We affirm.

1. Defendant's first attack on the ability of intervenor to use the summary proceeding provided in § 481.13(3) is that intervenor did not comply with the procedures established by the statute for the utilization of the summary proceeding and, therefore, the remedies of the statute have never been adequately or appropriately exercised. Defendant's position is grounded on the fact that he was served with a notice of motion and not with an order to show cause. Section 481.13(3), in part, provides: "The [attorneys] liens * * * may be established, and the amount thereof determined, by the court, summarily, in the action or proceeding, on the application of the lien claimant * * * on such notice to all parties interested therein as the court may, by order to show cause, prescribe * * *."

The gravamen of this issue is whether intervenor's use of a notice of motion instead of an order to show cause to notify defendant of the requested summary proceeding precluded intervenor from using the summary proceeding. Under the present facts, we hold that intervenor's use of a notice of motion did not preclude him from utilizing the summary proceeding established by the statute.

A reading of § 481.13(3) indicates that reference to an order to show cause relates only to the form of notice to interested parties. The meaning of the relevant sentence is that the lien can be established and determined in a summary proceeding on the application of the lien claimant[1] and that *notice* to interested parties is to be provided by an order to show cause.

█ Defendant received notice of intervenor's action by means of a notice of motion rather than an order to show cause. Nevertheless, on November 24, 1976, defendant appeared in court in response to the notice of motion. At that time, he raised no objection to the jurisdiction of the court; he simply requested a continuance to engage an attorney. Defendant thus made a general appearance and thereby gave the court personal jurisdiction. 1B Dunnell, Dig. (3 ed.) § 479. Under these circumstances, we hold defendant waived the technical objection that no order to show cause was issued.[2] *State v. Tolberg,* 273 Minn. 221, 140 N.W.2d 845 (1966).

2. Defendant's second attack on the ability of intervenor to utilize the summary proceeding under § 481.13(3) consists of the argument that intervenor essentially assert-

1. Any person or party interested in the property subject to an attorneys lien can also make such an application. Minn.St. 1976, § 481.13(3).

2. Likewise, the record does not indicate at what point defendant objected to the summary proceeding because of the lack of receipt of an order to show cause. If defendant did not object until after the proceeding was completed, his objection would be barred by the well-settled rule that a party who voluntarily appears in a proceeding and fully participates therein without objection is bound by that proceeding. *McDonald v. Johnson,* 229 Minn. 119, 126, 38 N.W.2d 196, 200 (1949).

ed a retaining lien, therefore the statute did not cover such a situation and, in any event, this court's decision in *Westerlund v. Peterson,* 157 Minn. 379, 197 N.W. 110 (1923), mandated that defendant be granted a jury trial. The crux of this issue is whether the attorneys lien claimed by intervenor was classifiable as a charging lien or as a retaining lien.

To understand the significance of whether a charging lien was the type of lien being claimed, historical background must be noted. At common law there were two types of attorneys liens. A retaining lien attached to all property of the attorney's client which came into the attorney's possession in the course of his professional employment. The retaining lien was passive in nature and merely gave the attorney the right to retain such property until all his just fees were paid. It could not be utilized as the basis for an affirmative action against the client. *Westerlund v. Peterson* (157 Minn. 384, 197 N.W. 111.) A retaining lien's existence depended on possession by the attorney of money or property of his client and was not limited to money due in the particular course out of which possession of the property resulted, but embraced all indebtedness arising out of other matters in which the professional relation existed between the client and attorney.

In addition to and independent of the common-law retaining lien, an attorney also had a charging lien for his services rendered in procuring a judgment of award for his client. A charging lien attached to the client's cause of action, verdict, and judgment, and the proceeds thereof. Unlike a retaining lien, a charging lien did not depend on possession and was only applicable to charges rendered for the particular action involved.

Minn.St. 1974, c. 481, and its predecessor statutes, preempted the field of law regarding attorneys liens and substituted statutory procedures for those of common law and equity. *Akers v. Akers,* 233 Minn. 133, 46 N.W.2d 87 (1951). Section 481.13, prior to April 13, 1976, permitted a lien upon the papers and money of the client which came into the attorney's hands during the course of his employment. See, Minn.St. 1974, § 481.13(1, 2). In considering a predecessor statute to § 481.13, this court noted that clauses (1) and (2) were the retaining liens of common law and that a client was entitled to trial by jury when determination of an attorneys retaining lien was involved and the property affected was in the possession and exclusive control of the attorney. *Westerlund v. Peterson* (157 Minn. 384, 197 N.W. 111.)[3] Section 481.13 and its predecessor statutes have long provided a summary proceeding for determination of what amounts to a common law charging lien, but determination of what amounts to a common law retaining lien was never covered by the section of the statute which authorized a summary proceeding. See, e. g., § 481.13(6); *Westerlund v. Peterson, supra.* Laws 1976, c. 304, abolished the attorneys retaining lien in Minnesota.[4]

Minn.St. 1976, § 481.13,[5] amounts to codification of the common-law charging lien.

---

**3.** This court was considering G.S.1913, § 4955, as amended by L.1917, c. 98. The language in that statute was identical to the language in Minn.St. 1974, § 481.13(1, 2).

**4.** Senate File No. 1051, which was enacted as L.1976, c. 304, in part was titled as an act to abolish the lien of an attorney upon money and papers of his client. As the bill was originally proposed, all attorneys liens would have been abolished. A variation of the common-law retaining lien can still be found in Minn.St. 1976, § 481.14. Under this statute, an attorney can be forced by a court order to deliver money or papers to a person from or for whom he received them in the course of his professional employment. But, in the event an attorney retains the money under a claim of right, including a claim for fees and expenses, the court ordering surrender of the property is directed to determine the amount due such attorney and order any surplus amount remaining after deduction of the attorney's claim to be surrendered to the client.

**5.** The language of § 481.13, in part, is as follows: "An attorney has a lien for his compensation whether the agreement therefor be expressed or implied.

"(1) Upon the cause of action from the time of the service of the summons therein, or the commencement of the proceeding, and upon

The charging lien's application to a cause of action was established by statute in 1905,[6] and its viability under Minnesota law was not affected by the 1976 amendments to Minn.St. 1974, § 481.13.[7] The relevant statutes have provided for summary determination of the existence and amount of an attorneys charging lien. Likewise, it has long been recognized by this court that because an action to enforce a charging lien is equitable in nature, a client does not have the right to a jury trial. *Westerlund v. Peterson, supra.*

By his amended notice of attorneys lien, intervenor was trying to assert a charging lien on defendant's cause of action. The question is whether intervenor could assert a charging lien since he had the city's check in his possession.

■ Under the present facts, the lien asserted by intervenor is classifiable as a charging lien. In *Westerlund*, this court demonstrated the difference between a retaining and a charging lien, as codified by the relevant statute, by noting that a charging lien arose when the property was at least in part still in possession or under control of the court or an adversary, and that a retaining lien arose when the property affected was in the possession and exclusive control of the attorney. (157 Minn. 384, 197 N.W. 111.) In the present case, intervenor did not have exclusive control of the check. Neither intervenor nor defendant could negotiate the check without the

endorsement of the other party. The city, an adversary party, still maintained some control over the property because it could stop payment on the check. Defendant could have requested that the city stop payment on the check and transfer another check payable only to defendant and his wife. Likewise, there was property of the client in the hands of a third party. The obligation of the city was not discharged by the issuance of its check. It was suspended merely pro tanto until the check was presented. Minn.St. 336.3—802(1)(b). Acceptance of a check for payment of an obligation is a conditional payment and not a final payment until the check is presented and honored. See, *Olsen v. Preferred Risk Mutual Ins. Co.*, 284 Minn. 498, 170 N.W.2d 581 (1969).

■ We hold that the lien asserted by intervenor in his amended notice of attorneys lien should be classified as a charging lien. Therefore, intervenor could properly utilize the summary proceeding established in Minn.St. 1976, § 481.13(3), and defendant was not entitled to a jury trial.[8]

3. Defendant's final attack on intervenor's ability to use the summary proceeding provided for in § 481.13(3) is based upon his contention that by the amended notice of attorneys lien, intervenor attempted to claim a lien on defendant's cause of action, but that at the time the amended notice was served, no cause of action existed be-

the interest of his client in any money or property involved in or affected by any action or proceeding in which he may have been employed, from the commencement of the action or proceeding, and, as against third parties, from the time of filing the notice of such lien claim, as provided in this section;

"(2) Upon a judgment, and whether there be a special agreement as to compensation, or whether a lien is claimed for the reasonable value of the services, the lien shall extend to the amount thereof from the time of giving notice of his claim to the judgment debtor, but this lien is subordinate to the rights existing between the parties to the action or proceeding;

"(3) The liens provided by clauses (1) and (2) may be established, and the amount thereof determined, by the court, summarily, in the action or proceeding, on the application of the

lien claimant or of any person or party interested in the property subject to such lien, on such notice to all parties interested therein as the court may, by order to show cause, prescribe, or such liens may be enforced, and the amount thereof determined, by the court, in an action for equitable relief brought for that purpose.

"Judgment shall be entered under the direction of the court, adjudging the amount due."

6. R.L. 1905, § 2288.

7. Before the 1976 amendments, the common-law charging lien was codified in § 481.13(3, 5).

8. Contrary to defendant's contention, this court's decision in *Westerlund v. Peterson,* 157 Minn. 379, 197 N.W. 110 (1923), does not mandate a different holding.

cause the condemnation proceeding had been reduced to judgment and payment made by the city. We are not persuaded by defendant's argument.

█ Under clause (1) of § 481.13 or clause (2) of § 481.13, intervenor had a lien on defendant's cause of action or on the condemnation judgment. The fund in the city's hands and owing to defendant was due to intervenor's efforts and should be characterized as the proceeds of defendant's cause of action. This would meet the requirement of § 481.13(1), that defendant's interest in money or property be affected in the proceeding in which intervenor was employed. A different result would not occur if this lien was construed to fall under § 481.13(2), as a lien upon a judgment. Clauses (1) and (2) of § 481.13 should be read together and, so read, indicate that intervenor either had a lien upon the cause of action or upon the judgment. In either situation, intervenor properly asserted his lien under § 481.13(3). The lien has not been discharged. Under the present facts, intervenor has a charging lien and is deemed to be an equitable assignee of the condemnation proceeds to the extent of his interest. *Blazek v. North American Life & Casualty Co.*, 265 Minn. 236, 239, 121 N.W.2d 339, 342 (1963).

Affirmed.

TODD, J., took no part in the consideration or decision of this case.