**Richard M. BOLINE and DaVonna A. Boline, Appellants,**

**v.**

**Russell L. DOTY, Respondent.**

**No. C1–83–1138.**

Court of Appeals of Minnesota.

March 14, 1984.

Dennis L. Peterson, Lauren K. Maker, Minneapolis, for appellants.

Douglas Peine, Joseph M. Buchmeier, St. Paul, for respondent.

Heard, considered and decided by PARKER, P.J., and WOZNIAK and LANSING, JJ.

## OPINION

LANSING, Judge.

The issue presented in this case is whether the trial court properly applied the attorney lien statute, Minn.Stat. § 481.13 (1982). The trial court followed summary judgment procedures in establishing a lien and did not require the attorney enforcing the lien to bring an equitable action. The trial court also ordered a lien on property not involved in the cause of action even though the respondent had not executed, in advance, any security agreements on the property. We reverse.

## FACTS

On March 19, 1981, the appellants and the respondent signed a retainer agreement. The respondent agreed to represent the appellants in litigation involving the Convenient Food Mart in Minneapolis. The appellants agreed to pay respondent a fee of $70–$80 per hour. The agreement also provided that attorney fees were made a lien upon any judgment or settlement arising out of the matter. In addition, the agreement required the appellants to:

> execute in advance security or other collateral agreements as necessary to secure the attorney fees to be expended on this case. Such agreements may include, but not be limited to, ownership rights in a 1978 Dodge, rights to clients' proceeds form [sic] a sale of a nursery owned in part by clients with her parents and others, and a right to a mortgage on clients' homestead with payments to accrue at not less than $200 per month while the debt is outstanding.

The respondent's efforts on behalf of the appellants were extensive. He was successful in winning for the appellants 100 percent ownership rights to the store, can-

celling a five percent franchise fee, gaining ownership of two underground gas tanks, obtaining rights to proceeds under a gasoline sales contract, and defending appellants in an unlawful detainer action.

In the fall of 1982, all litigation involving the store was completed. In attempting to collect his fee, the respondent invoked the attorney lien statute, Minn.Stat. § 481.13. On July 4, 1983, respondent served the appellants with an order to show cause and notice of claim of attorney's lien, setting the matter for July 18, 1983. The trial court, on July 20, 1983, established an attorney's lien for $65,994.67 to attach to certain specified property. The court then ordered an evidentiary hearing to decide which method of enforcement should be used and what property should be excluded from the lien under Minn.Stat. § 481.13. The court also ordered the respondent to release all files and papers he acquired or prepared in representing the appellants.

The "evidentiary" hearing was held on August 11, 1983, before a different district court judge. The hearing was conducted "in a summary manner," according to the trial court. The judge, saying that the $65,994.67 has become "the law of the case for good or ill", did not allow inquiry into the amount of the lien. No testimony was taken on any issue. At the conclusion of arguments by counsel, the trial court made several findings on the record, some of them "decreed summarily." These findings were included in the trial court's judgment on August 16, 1983. Among other things, the trial court found that the respondent was entitled to a lien of $65,-994.67, as previously determined in the July 20, 1983, order. The court found that the retainer agreement provided that respondent could have a lien on the appellants' interest in Denny's Nursery and Garden Center, Inc., in Willmar, Minnesota. The trial court ordered that the appellants' stock in the Crosstown Market (formerly known as the Convenient Food Mart) be sold by the sheriff to satisfy the lien which had attached to the common stock and assets of the store. The court further ordered that appellants' interest in Denny's

Nursery was to be sold if the proceeds of the sale were insufficient, and that the sales were to be in accordance with Minn. Stats. § 550.18 to § 550.21 (1982).

## ISSUE

Did the trial court properly apply the requirements of Minn.Stat. § 481.13 in establishing and enforcing the respondent's attorney's lien?

## ANALYSIS

At common law, two types of attorney's liens were recognized—the possessory or retaining lien, and the charging lien. *Akers v. Akers*, 233 Minn. 133, 46 N.W.2d 87 (1951). The Minnesota legislature has long since preempted this field and has substituted statutory procedures. *Village of New Brighton v. Jamison*, 278 N.W.2d 321 (Minn.1979).

Prior to 1976, Minnesota law provided for a possessory or retaining lien. This lien gave the attorney the right to retain a client's papers or money until the client paid the attorney's bill. *Id.* at 324. The retaining lien was abolished in 1976. *Laws of Minnesota 1976*, Chapter 304, Section 2.

The charging lien still remains. The theory behind this lien is that a successful party should not be permitted the fruits of the judgment secured by the attorney's services without paying for those services. *Schroeder, Siegfried, Ryan and Vidas v. Modern Electronic Products, Inc.*, 295 N.W.2d 514 (Minn.1980); Note, *Attorney v. Client, Lien Rights and Remedies in Tennessee*, 7 Memphis St.L.Rev. 435, 446 (1977). Minn.Stat. § 481.13 provides for charging liens. This statute protects attorneys whose clients have agreed to pay fees by imposing a lien; it does not create an agreement to pay attorney fees. *Johnson v. Blue Cross and Blue Shield of Minnesota*, 329 N.W.2d 49, 53 (Minn.1983). A lien is a hold or claim on the property as security for a debt or charge. *In re Estate of Eggert*, 245 Minn. 401, 72 N.W.2d 360 (1955). It is a property right. *Sager v. Burgess*, 350 F.Supp. 1310, 1312 (E.D.Pa.),

*aff'd* 411 U.S. 941, 93 S.Ct. 1923, 36 L.Ed.2d 406 (1972). The charging lien is on the cause of action and on the client's interest "in any money or property involved in or affected by any action or proceeding in which he may have been employed," and on the judgment. Minn.Stat. § 481.13, subd. 1, 2.

The procedural requirements for an attorney's lien are found in Minn.Stat. § 481.13, subd. 3. This section reads:

> The liens provided by clauses (1) and (2) may be established, and the amount thereof determined, by the court, summarily, in the action or proceeding, on the application of the lien claimant or of any person or party interested in the property subject to such lien, on such notice to all parties interested therein as the court may, by order to show cause, prescribe, or such liens may be enforced, and the amount thereof determined, by the court, in an action for equitable relief brought for that purpose.
>
> Judgment shall be entered under the direction of the court, adjudging the amount due.

■ We are faced with the question of construing this section of the statute, using as guidance case law which has never addressed the precise issues here. This statute differentiates between *establishing* the lien, *determining its amount* and *enforcing* the lien. It should be noted that prior to establishing the lien a notice of attorney's lien must be filed in accordance with the requirements of Minn.Stat. § 481.13, subd. 4. See *Schroeder,* 295 N.W.2d at 515.

■ The statute provides that a lien may be established "summarily" in the action or proceeding. Alternatively, the lien may be established in the separate equitable enforcement action. See *Id.* We observe that the Minnesota Supreme Court has essentially interpreted the word "summarily" to mean "summary proceeding." *Village of New Brighton,* 278 N.W.2d at 325; *Westerlund v. Peterson,* 157 Minn. 379, 382, 197 N.W. 110, 111 (1923).

■ A summary proceeding is "[a]ny proceeding by which a controversy is settled * * * in a prompt * * * manner, without the aid of a jury * * *." Black's Law Dictionary 1084 (rev. 5th ed. 1979). In Minnesota, not all summary proceedings preclude jury trials; however, summary proceedings characteristically are immediate and abridge formal procedures. Summary proceedings are used in numerous instances, such as unlawful detainer actions, *University Community Properties, Inc. v. Norton,* 311 Minn. 18, 246 N.W.2d 858 (1976); ballot preparation contests, *In re Daly,* 294 Minn. 351, 200 N.W.2d 913, *cert. den.* 409 U.S. 1041, 93 S.Ct. 528, 34 L.Ed.2d 491 (1972); and actions to compel sheriffs to pay money collected, *E.J. Brach & Sons v. Fitzgerald,* 155 Minn. 369, 193 N.W. 585 (1923).

■ The amount of the lien may be determined either at the time it is established or at the time it is enforced. Whether the amount is determined in the establishment proceeding or in the enforcement action, the clients must be given an adequate opportunity to contest the facts regarding the attorney's fees. An attorney's lien is a claim against an interest in property that may result in the deprivation of that property. When deprivation of property is at issue, minimal due process requires the state to afford a meaningful opportunity to be heard. *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); *Contos v. Herbst,* 278 N.W.2d 732 (Minn.1979). Once the amount of the lien has been *fairly* litigated consistent with principles of due process, it should not be relitigated because of traditional principles of res judicata and collateral estoppel. *See Ellis v. Minneapolis Comm'n on Civil Rights,* 319 N.W.2d 702 (Minn. 1982).

■ When a court is *enforcing* a lien, a separate equitable action is always required. *Schroeder,* 295 N.W.2d at 515. It may not be done "summarily." This enforcement procedure is similar to that used in the enforcement of a mechanic's lien under Minn.Stat. § 514.10 (1982). See

Nygren, *Mechanics' Liens in Minnesota,* 26 Bench & Bar 21, 31 (Feb.1970). An enforcement action is strictly equitable, and there is no right to a jury trial. *Village of New Brighton,* 278 N.W.2d 321; *Westerlund,* 157 Minn. 379, 197 N.W. 110. *See also Engler Bros. Const. Co. v. L'Allier,* 280 Minn. 208, 159 N.W.2d 183 (1968) (stating this principle for enforcement of mechanic's liens).

In the equitable action, the method of enforcement is determined by the court. The court must determine which property is subject to the lien and how the lien is to be enforced. For example, a court could order a sale of certain property and put a mortgage on other property.

Applying these principles to this case, it is clear that the amount of the lien was not fairly litigated. At the time of the initial hearing when the trial court decided the amount of the lien, the appellants had received only two weeks notice to prepare for the hearing. The appellants did not have access to the files and papers generated in their behalf, even though the papers properly belonged to them and were needed to litigate their good-faith claim that the attorney's fees were excessive. Further, no equitable action was brought to enforce the lien. For these reasons, we reverse the trial court's judgment.

The appellants also challenge the method of enforcement in the trial court's judgment of August 16, 1983. The trial court found that "by the terms of the retainer agreement between the parties, Petitioner and Respondents agreed that Petitioner could have a lien upon the interest of Richard M. Boline and DeVonna A. Boline in Denny's Nursery and Garden Center, Inc. * * *." Our review of the agreement fails to disclose support for this finding. The agreement says, in part, that the appellants agreed "to *execute in advance* security or other collateral agreements as necessary to secure the attorneys fees to be expended on this case. Such agreements may include but not be limited to * * * *rights to clients proceeds form [sic] a sale of a*

*nursery* owned in part by clients with her parents and others * * *." (emphasis supplied)

This agreement does not authorize the imposition of a lien on appellants' interest in the nursery. The retainer agreement only refers to future security agreements covering the clients' rights to proceeds from a sale of the nursery, not their actual interest in the nursery. Moreover, and dispositive of the issue, the appellants did not execute, in advance, a security or other collateral agreement in favor of the respondent on their interest in the nursery. Therefore, the attorney's lien under Minn. Stat. § 481.13 cannot extend to Denny's Nursery.

## DECISION

Under Minn.Stat. § 481.13, an attorney's lien may either be established summarily in the action or proceeding, or in a separate equitable enforcement action. The amount of the lien must be fairly litigated, either in the summary action or proceeding or in the equitable action. When an attorney's lien is enforced, a separate equitable action is required.

In this case, the respondent's lien was established. However, the amount of the respondent's lien was not fairly litigated and this issue should be included in the action to enforce the lien. The method of enforcement should also reflect the fact that the lien cannot extend to Denny's Nursery because the appellants did not execute the contemplated security agreement for this property.

The decision of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.